703 S.E.2d 518

Mary J. WELLS, Plaintiff
Below, Appellant

v.

KEY COMMUNICATIONS, L.L.C., d/b/a
West Virginia Wireless, Defendant
Below, Appellee.

No. 35447.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 7, 2010.

Decided Oct. 28, 2010.

548

J. Michael Ranson, Esq., George B. Morrone, III, Esq., Ranson Law Offices Charleston, WV, for Appellant.

Ellen J. Vance, Esq., Samuel Brock, Esq., Spilman, Thomas & Battle, Charleston, WV, for Appellee.

PER CURIAM:

The instant action is before this Court upon the appeal of Mary J. Wells ["Appellant"], from the circuit court's order denying her Motion for New Trial following an adverse jury verdict in her age discrimination lawsuit filed against her former employer, Key Communications, L.L.C. d/b/a West Virginia Wireless ["Appellee"]. Herein, Appellant asserts that the circuit court erroneously excluded admissible evidence regarding age discrimination against another employee of West Virginia Wireless. This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons expressed below, the September 24, 2009, order of the Circuit Court of Kanawha County is affirmed.

## I.

### FACTUAL AND PROCEDURAL HISTORY

West Virginia Wireless, which is owned by Robert and Linda Martin, is a wireless communications business in West Virginia that provides cell phone services in West Virginia and portions of Ohio, Kentucky, and Virginia. The Appellant was hired by West Virginia Wireless on April 8, 2002, and was assigned to work in the position of Office Administrator. At the time of her hire, Appellant was fifty years old. In October 2002, at the age of fifty-one, Appellant was promoted to the position of Administrative Manager. In both positions, Appellant worked on the administrative/sales side of the business as an assistant to the General Manager.

Due to financial difficulties in 2003, West Virginia Wireless decided it was necessary to make a reduction in workforce because the company was not profitable and was not meeting the objectives set forth in its operating budget. As a result, a task team compromised of some of the company's leadership determined that it was necessary to eliminate one employee from the administrative/sales side and one employee from the technical/operations side in order to reduce costs and try to improve sales. Appellant, who worked on the administrative/sales side, was chosen to be terminated. Another employee that worked as a field technician on the technical/operations side of the business, Alfred Nelson, was also selected to be terminated.[1]

On June 30, 2004, Dennis Bloss, who was the General Manager and Appellant's supervisor, terminated Appellant from her position of Administrative Manager based upon the recommendation of the owner and primary decision-maker, Linda Martin. At the time of her termination, the Appellant was fifty-two. Prior to Appellant's termination, Mrs. Martin had the opportunity to spend several weeks at West Virginia Wireless overseeing a number of changes and evaluating its staff. During this time, Linda Martin had the opportunity to work extensively with Appellant, to observe her job duties and performance, and to evaluate which duties could most easily be absorbed by other personnel. Based

---

1. The parties have represented that at the time of his hire, Mr. Nelson was fifty-three years old. He was continuously thereafter employed by West Virginia Wireless as a "field technician" on the technical/operations side of the business until his termination on June 30, 2004, at the age of fifty-six. Mr. Nelson was one of three field technicians on the technical/operations side of the business. The record reflects that the technical/operations side was comprised of three field technicians and three switch technicians.

on her observations, Linda Martin recommended to Dennis Bloss that they eliminate the Administrative Manager position. Linda Martin concedes that she was the primary decision maker in the decision to eliminate this particular position. Appellant filed the underlying action against Dennis Bloss and West Virginia Wireless in February 2006, alleging that they discriminated against her based on her age by eliminating her position of Administrative Manager and terminating her employment. Appellant asserted that West Virginia Wireless retained a younger employee, Sheila Wilson, who had poorer performance and abilities. Appellant claimed that she had higher performance ratings than Wilson and other younger, more recently hired co-workers who were retained.

With respect to the technical/operations side of the business, the record reflects that James Williams, Operations Manager, was charged with identifying the position and/or the person to be eliminated on the technical/operations side. In evaluating the technical/operations workforce, Mr. Williams testified that he determined that the position to be eliminated needed to come from one of the three field technician positions, because they could not afford to lose any more switch technicians. After discussing the need to eliminate one of the three field technicians with Ron Doyle, Field Technicians Immediate Supervisor, Mr. Williams decided to eliminate Alfred Nelson's position and terminate him.

Mr. Williams testified that although generally, each of the three field technicians were good, in evaluating the three, it was determined that Mr. Nelson had several instances where other employees had to redo his work, or send someone out to help Mr. Nelson in order to get his work done; whereas, the other two field technicians could function independently and complete the required tasks. Additionally, Mr. Williams testified that Mr. Nelson had problems with being asked to work overtime hours, and because of the fact that the network could not be taken off-line during peak hours, there was a lot of overtime work that was required. Mr. Nelson was terminated on the same day the Appellant was terminated, June 30, 2004. In his lawsuit, Mr. Nelson alleged age discrimination, asserting that he was terminated despite having a higher performance rating than younger, more recently hired co-workers at West Virginia Wireless. West Virginia Wireless denied Mr. Nelson's allegations. Mr. Nelson's lawsuit was settled prior to the trial in that case.

Prior to the trial in this instant case, West Virginia Wireless moved *in limine* under Rules 401 and 403 of the *West Virginia Rules of Evidence* to exclude evidence of Mr. Nelson's termination and age discrimination claim from the Appellant's trial asserting that the two terminations were wholly unrelated and dissimilar because Mr. Nelson worked in a different department than the Appellant and because the decisions to fire each were made by different supervisors. The circuit court granted West Virginia Wireless's motion finding that the Appellant was prohibited from introducing any testimony, evidence or arguments of counsel regarding alleged discrimination against Mr. Nelson because such evidence was both irrelevant and unfairly prejudicial to West Virginia Wireless.

Following the circuit court's ruling, Appellant filed a "Motion *in Limine* to Exclude Any Evidence, Testimony or Counsel Argument Regarding Termination of Alfred Nelson" and a "Motion *in Limine* to Exclude Any Evidence, Testimony or Counsel Arguments That Defendants Retained Any Employees Age 40 or Over" asserting that West Virginia Wireless should not be permitted to argue at trial that its termination of Mr. Nelson and retention of other employees in her age-protected class were part of a legitimate, non-discriminatory reason such as a workforce reduction. During the course of arguments on these motions, the circuit court ruled that both parties would be permitted to present evidence, testimony, and arguments regarding employees who worked on the administrative/sales side of the business at West Virginia Wireless and worked under the general supervision of Linda Martin and/or Dennis Bloss. The circuit court further ruled that evidence regarding employees who worked on the technical/operations side

of the business under the supervision of other managers would be excluded.

Consistent with these rulings, Appellant presented evidence and arguments at trial that Linda Martin made the decision to discharge West Virginia Wireless's former General Manager, Bob Wilson, and hire Dennis Bloss in his place, based upon his age instead of work performance or abilities. Appellant was also permitted to present evidence regarding the general makeup of the administrative/sales side of the business at West Virginia Wireless and argued that the jury should infer age discrimination from the fact that the administrative/sales side of the business was largely comprised of employees under forty years of age.

Following the five day trial, the jury returned a verdict in favor of West Virginia Wireless. Thereafter, in a September 24, 2009, order denying Appellant's Motion for a New Trial, the court again ruled that evidence regarding Mr. Nelson's termination was properly excluded. In concluding that the evidence relating to Mr. Nelson's termination was properly excluded because such information was not relevant, was unduly prejudicial, and would have confused and misled the jury, the circuit court made the following findings of fact:

1. Plaintiff worked on the Administrative/Sales side of the business at West Virginia Wireless.

2. Alfred Nelson worked on the Operations side of the business.

3. Linda Martin and/or Dennis Bloss were involved in the decision to terminate Plaintiff.

4. James Williams and/or Ron Doyle were involved in the decision to terminate Alfred Nelson.

5. Any alleged discrimination against Nelson was dissimilar from Plaintiff's situation.

Appellant now appeals from the circuit court's order denying her Motion for a New Trial.

## II.

## STANDARD OF REVIEW

With regard to our standard for reviewing a circuit court's ruling on a motion for a new trial, we have explained that

[a]s a general proposition, we review a circuit court's rulings on a motion for a new trial under an abuse of discretion standard. *In re State Public Building Asbestos Litigation*, 193 W.Va. 119, 454 S.E.2d 413 (1994) ... Thus, in reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusions as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Williams v. Charleston Area Med. Ctr.*, 215 W.Va. 15, 18, 592 S.E.2d 794, 797 (2003)(*quoting Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 104, 459 S.E.2d 374, 381 (1995)). We have also explained that

[a]lthough the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence.

*Williams*, 215 W.Va. at 18, 592 S.E.2d at 797 (*quoting Andrews v. Reynolds Mem'l Hosp., Inc.*, 201 W.Va. 624, 630, 499 S.E.2d 846, 852 (1997)(other internal citations omitted)).

Furthermore, we have previously held that "[r]ulings on motions in limine lie within the trial court's discretion." *State v. Dillon*, 191 W.Va. 648, 662, 447 S.E.2d 583, 597 (1994). "Our function on ... appeal is limited to the inquiry as to whether the trial court acted in a way that was so arbitrary and irrational that it can be said to have abused its discretion." *State v. McGinnis*, 193 W.Va. 147, 159, 455 S.E.2d 516, 528 (1994).

■ Similarly, "[t]he West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence ... are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary ... rulings of the circuit court under an abuse of discretion standard." *Reynolds v. City Hosp., Inc.*, 207 W.Va. 101, 108–9, 529 S.E.2d 341, 348–9 (2000); *see also Jenkins v. CSX Transportation, Inc.*, 220 W.Va. 721, 649 S.E.2d 294 (2007). Specifically, this Court has determined that, in reversing a lower court's ruling on a relevancy issue, an abuse of discretion must be shown. *Miller v. Lambert*, 196 W.Va. 24, 31, 467 S.E.2d 165, 172 (1995)(*citing State v. Bass*, 189 W.Va. 416, 432 S.E.2d 86 (1993)). "Under the abuse of discretion standard, we will not disturb a circuit court's decision unless the circuit court makes a clear error of judgment or exceeds the bound of permissible choices in the circumstances." *Graham v. Wallace*, 214 W.Va. 178, 182, 588 S.E.2d 167, 171 (2003)(*quoting Hensley v. WV DHHR*, 203 W.Va. 456, 461, 508 S.E.2d 616, 621 (1998)). This Court has also noted that "[o]nly where we are left with a firm conviction that an error has been committed may we legitimately overturn a lower court's discretionary ruling. 'Where the law commits a determination to a trial judge and his discretion is exercised with judicial balance, the decision should not be overruled unless the reviewing court is actuated, not by a desire to reach a different result, but by a firm conviction that an abuse of discretion has been committed.'" *Covington v. Smith*, 213 W.Va. 309, 322–23, 582 S.E.2d 756, 769–70 (2003)(internal citations omitted).

### III.

### DISCUSSION

In the present case, Appellant alleges that because the trial court excluded evidence and testimony regarding Alfred Nelson's discharge, Appellant was prevented from introducing evidence to the jury: (1) that her former age-protected co-employee had also made a claim of age-based discriminatory conduct against the Appellee; (2) that both former co-employees had allegedly been discharged by the Appellee in efforts to retain younger employees with lower performance ratings; and (3) that both former co-employees had been discharged by the Appellee for the same pre-textual reason of alleged financial hardship. Appellant submits that the exclusion of this relevant and probative evidence adversely affected Appellant's ability to meet her burden of proof on proving the employer's motive, intent or discriminatory animus at trial.

Specifically, Appellant alleges that the circuit court committed plain error in excluding any evidence and testimony regarding Alfred Nelson because the evidence was clearly admissible pursuant to this Court's prior decision in *McKenzie v. Carroll International Corp.*, 216 W.Va. 686, 610 S.E.2d 341 (2004). Appellant argues that *McKenzie* is clear that non-litigant employees may testify about age discrimination they experienced at the hands of their employers.

■ In Syllabus Point 2 of *McKenzie*, 216 W.Va. 686, 610 S.E.2d 341, this Court held,

In an action brought for employment discrimination, a plaintiff may call witnesses to testify specifically about any incident of employment discrimination that the witnesses believe the defendant perpetrated against them, so long as the testimony is relevant to the type of employment discrimination that the plaintiff has alleged.

*Id.*, Syl. Pt. 2. In so holding, this Court went on to expressly warn that "[t]here are, however, limitations to the admissibility of such evidence. Incidents that are too remote in time or too dissimilar from a plaintiff's situation are not relevant." *Id.* at 691–92, 610 S.E.2d at 346–47 (*quoting Stair v. Lehigh Valley Carpenters Local Union No. 600 of United Bhd. of Carpenters & Joiners of America*, 813 F.Supp. 1116, 1119 (E.D.Pa. 1993)).

■ The admissibility of the alleged discrimination evidence is governed by Rules 401, 402, and 403 of our Rules of Evidence. Rule 401 of the *West Virginia Rules of Evidence* defines "relevant evidence" as "evidence having any tendency to make the exis-

tence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." W.Va.R.Evid. 401. Rule 402 of the *West Virginia Rules of Evidence* provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of West Virginia, by these rules, or by other rules adopted by the Supreme Court of Appeals. Evidence which is not relevant is not admissible." W.Va. R.Evid. 402. Rule 403 of the *West Virginia Rules of Evidence* provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." W.Va.R.Evid. 403. The admissibility of evidence of alleged discrimination is indeed fact dependent.

Herein, Appellant asserts that evidence regarding Alfred Nelson was admissible under *McKenzie* because her and Mr. Nelson's incidents were similar enough in nature to be deemed relevant. For example, Appellant alleges that they were both employed in Charleston, West Virginia, within approximately seven months of one another; they were terminated on the same date; they were both in a protected class based upon their respective ages of fifty-two and fifty-six; and both were allegedly terminated under the general management of Dennis Bloss and the decision making owners, Robert and Linda Martin for the same alleged pretextual reason of financial difficulties.

■ While we acknowledge that there are indeed various general commonalities as noted by the Appellant, upon review of the record in its entirety, we find that the record supports the circuit court's fact finding decision that the two discharges were "too dissimilar" to be relevant under *McKenzie*. In it's order denying Appellant's motion for a new trial, the circuit court made sufficiently detailed findings of fact and conclusions of law to support its decision, as further detailed below.

First, the circuit court specifically noted that plaintiff's overall trial theme was based on her contention that the poor performance of the Sales Department at Key Communications demonstrated its alleged discriminatory intent against her. In support of her theme, plaintiff presented evidence regarding her termination, the termination of Sales Manager Bob Wilson, and the overall makeup of the administrative/sales side of the business. Plaintiff argued that Key Communications' poor sales record demonstrated that its retention of Sheila Wilson instead of her and the hiring of Dennis Bloss in place of Bob Wilson was based on age instead of work performance and abilities. The circuit court found that Mr. Nelson's termination had nothing to do with the sales functions at Key Communications, which was the entire focus of plaintiff's case, as Mr. Nelson was employed on a different side of the business than the Appellant. Thus, any evidence relating to Mr. Nelson's termination would not have been applicable to the Appellant's claim and/or her overall theme at trial.

Second, the circuit court's order also found that the evidence in the record at the time of its ruling on the Motion *in Limine* showed that the Appellant was discharged by different supervisors than those involved in the discharge of Mr. Nelson. Specifically, the court found that Linda Martin and/or Dennis Bloss were involved in the decision to terminate the Appellant, and James Williams and/or Ron Doyle were involved in the decision to terminate Alfred Nelson. The court found that the decisions to discharge the Appellant and Mr. Nelson were two separate and distinct decisions that were made by different supervisors in connection with two separate departments. For all these reasons, the court concluded that any alleged discrimination against Mr. Nelson was too dissimilar from Plaintiff's situation under *McKenzie*.

Our own review of the record confirms that the termination decisions in both the Appellant's and Mr. Nelson's discharges were in fact made by two different sets of supervisors in two separate and distinct departments. While the testimony reveals that Dennis Bloss and Linda Martin were the

immediate supervisors involved in the decision to discharge the Appellant, they were not involved in the actual decision to terminate Mr. Nelson specifically. The testimony reveals that Mr. Williams and Mr. Doyle, Mr. Nelson's immediate supervisors, made the specific determination to discharge Mr. Nelson. Mr. Williams testified that he and Mr. Doyle, as Mr. Nelson's direct supervisors, had complete and total authority to make the selection as to who they needed to terminate, based upon performance. They were not given any particular guidelines from Dennis Bloss or the Martins regarding termination, but were only told to "keep the best performers." Once Mr. Williams and Mr. Doyle made their independent determination to discharge Mr. Nelson, they reported their recommendation to Linda Martin and Dennis Bloss.[2]

Accordingly, because the evidence on the record shows that the Appellant was employed on a different side of the business than Mr. Nelson and she was discharged by different supervisors than those involved in the decision to discharge Mr. Nelson, we find that the circuit court did not abuse its discretion in determining that the alleged incident of discrimination against Mr. Nelson was too dissimilar from Appellant's situation. Additionally, the circuit court did not abuse its discretion in finding that the evidence pertaining to Mr. Nelson was not relevant to assessing the Appellee's alleged discriminatory intent against the Appellant. The decision to discharge Mr. Nelson from employment could not logically or reasonably be tied to the decision to discharge the Appellant from employment, as the decisions to discharge the Appellant and Mr. Nelson were two separate and distinct decisions that were made by different supervisors in connection with two separate and distinct departments at West Virginia Wireless. Lastly, the circuit court did not abuse its discretion in determining that any evidence relating to Mr. Nelson's termination would not have

been applicable to the Appellant's claim and/or her overall trial theme in this matter, and thus, would have been irrelevant, unduly prejudicial and would have confused and misled the jury. For all these reasons, we find that in the specific set of circumstances presently before us, the evidence relating to Mr. Nelson's termination was properly excluded.

## IV.

### CONCLUSION

Accordingly, for the foregoing reasons, the September 24, 2009, order of the Circuit Court of Kanawha County denying Appellant's Motion for a New Trial is affirmed.

**Affirmed.**

Justice WORKMAN disqualified.

Judge SPAULDING sitting by temporary assignment.

---

**2.** The record shows that Linda Martin and Dennis Bloss were only involved in the overarching business decision to have the company select two different individuals to terminate, based upon the financial difficulties they were having. Dennis Bloss testified that he made this decision to reduce the workforce in conjunction with Robert and Linda Martin, members of the management team. Furthermore, contrary to Appellant's allegations, Robert Martin testified in his deposition that he did not have any involvement whatsoever in terminating Mr. Nelson or the Appellant.