# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Nancy S.,**
**Petitioner Below, Petitioner**

**FILED**

June 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0716** (Cabell County 09-D-674)

**John S.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nancy S.[1], by counsel D. Scott Bellomy, appeals the July 2, 2014, order of the Circuit Court of Cabell County that denied her petition for modification of the order of the family court that named Respondent John S. primary custodial parent of the parties' minor children. Respondent, by counsel Jacqueline Stout-Biddle, filed a response. Guardian Ad Litem Raymond A. Nolan also filed a response. Petitioner filed a reply to the respondent's brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in Lincoln County, West Virginia, on June 12, 1999. Two children were born of the marriage, J.S. (ten years of age), and E.S. (eight years of age). The parties were divorced by final order on March 9, 2010. In the March 9, 2010, order, petitioner was deemed the residential parent and received 65% percent of parenting time.

On September 10, 2011, petitioner married Jason S. Mr. S. is a registered sex offender, having been convicted of statutory rape in 1998. He received a sentence of four years probation for his conviction. Mr. S. was twenty-one years old at the time of the offense. On November 3, 2011, respondent filed an emergency ex parte motion for custody; following a hearing, respondent's motion was granted. Mr. S. was ordered to have no contact with the minor children. On April 22, 2013, a final order was entered, after a hearing on February 21, 2013, on respondent's motion for custody. Dr. Timothy Saar, a board certified psychologist, provided expert testimony on behalf of petitioner; Dr. Bobby Miller, a board certified psychiatrist, provided expert testimony on behalf of respondent. After hearing the testimony, reviewing expert

---

[1] Consistent with our practice in cases involving sensitive matters, we use initials to protect the identity of the children in this case. *See* W.Va. R.A.P. 40(e)(1); *State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

reports, and proffers of the guardian ad litem and counsel, the family court determined that it would be in the children's best interest for Mr. S. to be allowed contact with their children once he completed a court-ordered program of treatment, and was re-evaluated to determine if his risk to re-offend was reduced from moderate risk to low-risk. The order allowed visitation to resume between the minor children and Mr. S. on May 10, 2013.

Petitioner filed a motion to stay the family court order. On August 2, 2013, the circuit court entered an order reversing, in part, and remanding, in part, the April 22, 2013, order of the family court. The circuit court's order denied Mr. S. visitation with E.S. Petitioner filed a notice of intent to appeal to this Court, which was dismissed, because the order of the circuit court was interlocutory in that it remanded the case to family court to resolve other issues.

On September 26, 2013, petitioner filed a petition for modification of the family court's April, 22, 2013 order, a motion for contempt, and a motion to allow Mr. S. to be present around the children during her visitation. A hearing was held on December 4, 2013. At that hearing, the family court heard argument regarding respondent's motion to dismiss, but declined to take evidence on petitioner's modification petition. The family court denied the petition by order entered May 5, 2014. Petitioner appealed to the circuit court, and on July 2, 2014, the circuit court denied petitioner's modification petition without a hearing. Petitioner now appeals the July 2, 2014, order of the Circuit Court of Cabell County that denied her petition for modification[2].

Petitioner asserts three assignments of error: (1) the circuit court erred in denying petitioner's modification petition and request that Mr. S. be permitted to be present at visits with his stepchildren; (2) the family court erred in refusing to hear evidence that petitioner had completed her court-required training and in refusing to return her to residential parent status; and (3) the circuit court arbitrarily and capriciously substituted its judgment for that of the family court when it reversed the April 22, 2013, order, refused to modify the parenting plan, and upheld the family court's order following the modification hearing.

> In reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Petitioner first asserts that the circuit court erred in not granting her petition to modify and motion to allow Mr. S. to be present during visitation. Petitioner argues that her motion should have been granted pursuant to West Virginia Code § 48-9-401, which states in relevant part, as follows:

---

[2] In petitioner's brief, she asserts that she is challenging the May 1, 2014, order of the circuit court. However, our review of the appendix reveals no such order. Rather, it is apparent that the order from which petitioner appeals is the order entered July 2, 2014.

[A] court shall modify a parenting plan order if it finds on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated therein, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to preserve the best interests of the child.

Petitioner contends that her and Mr. S.'s completion of the court-ordered program of treatment was a substantial change in circumstances that would permit the family court to modify the parenting plan pursuant to *Skidmore v. Rogers*, 229 W.Va. 13, 725 S.E.2d 182 (2011).[3] Petitioner argues further that completion of the court-ordered program of treatment by her new husband was not anticipated, and that modification is in the best interest of her children.

In affirming the order of the family court, the circuit court relied on the February 21, 2013, testimony of Dr. Bobby Miller, who found Mr. S. to be at moderate risk to re-offend and that "Mr. S.'[s] sexual proclivities and risks have not changed since he was assessed by Ralph Smith, a psychiatrist in Charleston, West Virginia on April 22, 1999." Dr. Miller also testified that in 1999, Dr. Smith recommended that Mr. S. receive sexual offender treatment, and that Mr. S. had failed to receive any such treatment as of the February 21, 2013 hearing. The circuit court then held that the family court's conclusions of law were neither arbitrary, capricious nor an abuse of judicial discretion, and denied petitioner's petition for modification, and the motion for Mr. S. to be present while petitioner exercised her parenting time with the children.

We agree with the circuit court and find that petitioner failed to demonstrate to the family court that an unanticipated change in circumstances occurred that would necessitate modification. The record reflects that, prior to the family court's order to complete sex offender treatment, Mr. S. had not received any course of treatment, and that Dr. Miller found Mr. S.' risk to re-offend to be in the moderate risk range. Both experts in this matter, Dr. Miller and Dr. Saar, opined that Mr. S. would be a low risk to re-offend if he were to complete sex offender treatment; accordingly, the circuit court required that Mr. S.'s complete at least two or three sessions of the treatment program prior to the resumption of visitation between Mr. S. and the minor children. Mr. S.'s completion of treatment was not only anticipated by the family court and the parties, but ordered by the family court, and resulted in Mr. S.'s re-classification from moderate risk to re-offend to low risk, as the experts suggested would happen with treatment. Accordingly, we find this assignment of error to be without merit.

Petitioner next argues that the circuit court erred in not hearing evidence that petitioner

---

[3] Syllabus Point 3 of *Skidmore* states that,

West Virginia Code § 48–9–401(a) (2009) permits a court to modify a parenting plan order on the basis of a substantial change in circumstance that arises after the parenting plan order is entered if such change was not provided for in the parenting plan and modification is necessary to serve the best interests of the child.

3

had completed her court-required training. We review rulings on the admission of evidence under an abuse of discretion standard.

> The West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence . . . are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary . . . rulings of the circuit court under an abuse of discretion standard.

*Reynolds v. City Hosp., Inc.*, 207 W.Va. 101, 108–9, 529 S.E.2d 341, 348–9 (2000); *See also Jenkins v. CSX Transp., Inc.*, 220 W.Va. 721, 649 S.E.2d 294 (2007). This Court has also noted that,

> "[o]nly where we are left with a firm conviction that an error has been committed may we legitimately overturn a lower court's discretionary ruling. 'Where the law commits a determination to a trial judge and his discretion is exercised with judicial balance, the decision should not be overruled unless the reviewing court is actuated, not by a desire to reach a different result, but by a firm conviction that an abuse of discretion has been committed.'" *Covington v. Smith*, 213 W.Va. 309, 322–23, 582 S.E.2d 756, 769–70 (2003) (internal citations omitted).

*Wells v. Key Commc'ns, L.L.C.*, 226 W.Va. 547, 551, 703 S.E.2d 518, 522 (2010).

Petitioner argues that the decision of the family court was clearly erroneous because the family court did not hear any evidence pertaining to her court required training; therefore, petitioner argues the family court had no evidence to rely on in making its ruling. We disagree and find that the circuit court's decision not to admit testimony regarding petitioner's court-ordered training was not an abuse of discretion. As previously noted, the family court ordered petitioner to complete a sex offender treatment program, "so that she is informed and can properly assess any future risk to her children." Consequently, petitioner's completion of the court-ordered sex offender treatment program was not an unanticipated change of circumstances, and the family court's refusal to hear that evidence was not an abuse in discretion. Accordingly, we find that the family court did not err by declining to hear this evidence.

In her final assignment of error petitioner argues that the circuit court arbitrarily and capriciously substituted its judgment for that of the family court when it reversed the April 22, 2013, order, refused to modify the parenting plan, and upheld the family court's order from the modification hearing. In its April 22, 2013, order, the family court ordered that the children could begin visitation with Mr. S. on or before May 10, 2013, which would allow ample time for the parties' female child to attend two or three counseling sessions. The family court determined if "Nancy S. and Jason S. complete sex offender treatment and if [the parties' minor child] completes a couple or three professional counseling sessions, the Court finds that there is really no risk for her." In an order entered August 2, 2013, the circuit court reversed that decision, and ordered that Mr. S. was to have no contact with the minor child, and upheld the modification of the parties' parenting plan.

Petitioner argues that in reversing the family court's decision, the circuit court refused to consider evidence of Mr. S.'s treatment.[4] As the circuit court only cited the pre-modification opinions of Dr. Bobby Miller, and did not address any of the evidence from treatment, petitioner claims that the decision of the circuit court to reverse the family court and not allow any visitation was clearly erroneous.

Having carefully reviewed the appendix record, we believe that petitioner mischaracterizes the events and the evidence before both the family court and circuit court. In the April 22, 2013, order the family court found Dr. Miller's testimony to be more credible than that of Dr. Saar.[5] In its August 2, 2013, order, that reversed the decision of the family court to allow visitation with petitioner's husband, the circuit court was only privy to the original reports of Dr. Miller and Dr. Saar. Relying upon the testimony of Dr. Miller the circuit court reversed the decision of the family court and denied visitation. *See* W.Va. Code § 51-2A-14(a) (providing that upon review of a family court order, the circuit court may affirm or reverse in part the decision of the family court). Thereafter, petitioner filed a modification petition, which attached a subsequent report of Dr. Saar.

The family court declined to hear testimony regarding Dr. Saar's new opinion of Mr. S.; however, the record reflects that Dr. Saar's report was attached to petitioner's petition for modification. Consequently, this report is a part of the record in this matter, which both the family court and circuit court reviewed prior to ruling. As noted earlier, we review application of law to the facts by the family and circuit court under an abuse of discretion standard. Based upon the testimony and findings contained in Dr. Miller's report, there is no evidence that the circuit court abused its discretion in relying upon that evidence, and, consequently, reversing the decision of the family court, and denying Mr. S. visitation with the minor child. "'[W]e will not disturb a circuit court's decision unless the circuit court makes a clear error of judgment or exceeds the bounds of permissible choices in the circumstances.' *Hensley v. West Virginia DHHR*, 203 W.Va. 456, 461, 508 S.E.2d 616, 621 (1998) (*quoting Gribben v. Kirk*, 195 W.Va. 488, 500, 466 S.E.2d 147, 159 (1995))" *Graham v. Wallace*, 214 W.Va. 178, 182, 588 S.E.2d 167, 171 (2003). Therefore, we find the circuit court did not err in reversing the decision of the family court and denying visitation to petitioner's husband with the minor child.

For the foregoing reasons, we affirm.

---

[4] Petitioner asserts that she presented the report of Dr. Saar, who opined on March 29, 2014, that Mr. S. received treatment in the areas of (1) sexual assault cycles, (2) cognitive restructuring approaches, (3) developing victim empathy and remorse, (4) arousal control, (5) relapse prevention and intervention strategies, (6) interpersonal relationships, and (7) aftercare. Dr. Saar opined that Mr. S. was "compliant and fully engaged with his treatment", and "at this time [Mr. S.] presents a low risk of danger to his stepdaughter or society as a whole. It should be noted to the reader that risk potential is only documented as low, medium or high risk, there is no 'no' risk category."

[5] Dr. Miller found Mr. S. to be at a moderate risk to re-offend, and opined that "Mr. S. continues to have a sexual interest in females age fourteen to seventeen years old." Dr. Miller also opined that Mr. S. did not have empathy for his victim, does not consider himself a sex offender, and does not "believe what he did to be morally or socially wrong."

Affirmed.

**ISSUED:** June 12, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTED IN BY:**

Justice Robin Jean Davis

6