**FILED**

**April 26, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0253 – *Jared M. v. Molly A.*

WOOTON, Justice, dissenting:

In this case, the majority reverses and remands the case to the family court, "find[ing] that the family court's finding of no substantial change in circumstances was clearly erroneous[.]" I disagree with the majority's decision; under our established standard of review this case should be affirmed. Therefore, I respectfully dissent.

At its core, this case is easily resolved by applying the sole syllabus point relied upon by the majority – the standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

The issue is whether the facts constitute a substantial change in circumstances that would warrant a modification of the parenting plan entered into between two unmarried parents. Therefore, resolution of this issue concerns the application of the law to the facts presented, which means the family court's decision is reviewed under an abuse of discretion standard. *See id*. In this regard, the Court has previously stated that

> "we will not disturb a . . . court's decision unless the . . . court makes a clear error of judgment or exceeds the bound of

1

permissible choices in the circumstances." *Wells v. Key Commc'ns, L.L.C.*, 226 W.Va. 547, 551, 703 S.E.2d 518, 522 (2010) (citation omitted). This Court has also observed that "[i]n general, an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the . . . court makes a serious mistake in weighing them." *Shafer v. Kings Tire Serv., Inc.*, 215 W.Va. 169, 177, 597 S.E.2d 302, 310 (2004) (citation omitted). This Court has also invariably stated that "[u]nder abuse of discretion review, we do not substitute our judgment for the circuit court's." *State v. Taylor*, 215 W.Va. 74, 83, 593 S.E.2d 645, 654 (2004) (Davis, J., dissenting) (citing *Burdette v. Maust Coal & Coke Corp.*, 159 W.Va. 335, 342, 222 S.E.2d 293, 297 (1976)). *Thus, a family court's decision is entitled to significant deference. Absent an abuse of discretion, this Court must refrain from substituting its judgment for that of the family court, even if this Court might have decided a case differently.*

*Amanda A. v. Kevin T.*, 232 W. Va. 237, 244-45, 751 S.E.2d 757, 764-65 (2013)

(emphasis added).

In order for a parenting plan to be modified, the law requires that the

following burden of proof be met:

> West Virginia Code § 48-9-401(a) (2009) permits a court to modify a parenting plan order on the basis of a substantial change in circumstance that arises after the parenting plan order is entered if such change was not provided for in the parenting plan and modification is necessary to serve the best interests of the child.

Syl. Pt. 3, *Skidmore v. Rogers*, 229 W. Va. 13, 725 S.E.2d 182 (2011).  Thus, under the

above-referenced statute, a parent seeking modification of a parenting plan must produce

evidence of the following in order to be successful: (1) a substantial change in circumstance, *and* (2) modification must be in the best interests of the child. *See id*.

The grounds for the petitioner, Jared M.'s, petition and motion seeking to modify the parenting plan were solely focused on employment – both the petitioner's and the respondent Molly A.'s. Significantly, the petitioner's reliance on his change in employment appeared to be targeted at reducing his child support obligation. The petitioner did not list the "child's improved health" as one of the alleged substantial changes justifying modification, which explains why the family court's order did not go into the child's health in any great detail.

At the family court hearing, which lasted some seven and one-half hours, the petitioner testified, produced eleven witnesses, and thirty-two exhibits. The respondent called a single witness to testify, the child's pediatric endocrinologist.[1]

---

[1] Despite the fact the petitioner never sought a modification of the parenting plan because of the improvement in his child's medical condition, the majority ignores this fact, finding that it is "appropriate to consider [the child's] medical condition in connection with [the petitioner's] other alleged changes in circumstances." Further, the majority takes on the role of a trier of fact when it makes the following factual finding:

> we find on *these* facts, and for *this* child, four years of time and childhood development, combined with the improvement in her medical condition, represented "a substantial change . . in circumstances of the child" for the purposes of West Virginia Code § 48-9-401(a) and that the family court committed clear error when it determined otherwise.

Again, the petitioner never asked for (and the family court never made) such a determination in regard to the child's medical condition. Consequently, it is unclear why the majority feels compelled to engage in an analysis of the child's medical condition in its

In a very detailed order the family court made specific findings which included the fact that the respondent had begun to work outside the home. Specifically, the family court found that

> [t]he parties were never married. It was anticipated that the Respondent would begin to work outside of the home in the future because she would need to support herself and the child. It could not be expected that Petitioner and Respondent's father would support Respondent the rest of her life. The Court does not believe that, and the Court does not believe Respondent's starting work when the child started school is a significant change of circumstances.

Further, the family court found that the petitioner's change in employment was not a significant change in circumstances. In this regard, the family court found that the petitioner "is a full-time independent contractor who spends time in the corporate office. The Petitioner travelled 30,000 miles in 2016 and 2017 . . . which is significant travel time." Thus, the family court determined that the petitioner's new job was not a significant change from his prior job where he worked in the office three to four days a week, in terms of time spent away from the home. Further, the family court found that the petitioner's evidence that he was a "good father" failed to constitute a change in circumstances, and that there was "insufficient evidence that Respondent worked significant overtime that would impact her ability to care for the child." The family court also considered evidence from the child's medical doctor, who testified that he could not opine "as to the Petitioner's caretaking skills

determination that there was a substantial change of circumstances *as a matter of law*. Moreover, it is unclear just what determination the family court made in this regard that the majority finds to be clear error.

4

for a medically fragile child[,]" because he had had limited interaction with the petitioner. In this same vein, the doctor also testified that the six-year-old child is medically fragile, requires medicines throughout the day, has restrictions on activities, and could take a quick turn for the worse. Finally, the family court also rejected the petitioner's attempt to show that the respondent was a bad parent. In this regard, the family court found the petitioner's assertion that "a substantial change in circumstances occurred because the child receiv[ed] a failing grade on a butterfly picture test in Kindergarten," to be without merit.[2]

Having heard and considered all the evidence offered in support of the petitioner's position first hand, the family court concluded that the petitioner had failed to prove that a substantial change of circumstance warranting a modification of the parenting plan had occurred, although it did make a minor change to the parenting plan in regard to the "first babysitter" provision. The court also found that the respondent was entitled to attorney fees and ordered the petitioner to pay $5,000 for attorney fees.

On appeal, the circuit court affirmed the family court's decision.[3] In so doing, the circuit court found that its

---

[2] The family court also noted that "[t]he Petitioner spent a voluminous amount of the Court's time presenting his case to prove that a substantial change in circumstances ha[d] occurred."

[3] On the petitioner's first appeal of this case, we remanded with instructions to the circuit court that it entered a new order containing findings of fact and conclusions of law sufficient to allow a meaningful review. *See Jared M. v. Molly A.*, 2020 WL 7233165 (W. Va. filed Dec. 7, 2020) (memorandum decision). Upon remand, the circuit court entered a detailed eight-page order, which forms the basis for the instant appeal.

review of the October 26, 2018, hearing supports the Family Court's ruling that [the petitioner's] evidence and witnesses emphasized that he is good parent, *but did not support and further his burden to prove that a substantial change in circumstances has occurred* during the intervening three-year time period [since the original parenting plan was put in place.]

Under this Court's precedent, the family court's decision is entitled to significant deference. Accordingly, absent an abuse of discretion, the majority should have refrained from substituting its judgment for that of the family court, even if the majority would have decided the case differently. *Amanda A. v. Kevin T.*, 232 W. Va. 237, 244-45, 751 S.E.2d 757, 764-65 (2013). However, it appears that the majority has deviated from our established standard of review. More precisely, the majority assumed the role of factfinder and, upon re-examination and reweighing the evidence, substituted its judgment for that of the family court and concluded that a substantial change in circumstances existed.[4] In light of the fact that there is no abuse of discretion apparent from the appendix record, the family court's and circuit court's decisions should have been affirmed.

For the foregoing reasons, I respectfully dissent.

---

[4] I further question the majority "find[ing] that the family court erred . . . by failing to decide whether further modification of the parenting plan was necessary for the child's best interests. . . ." *See* W. Va. Code § 48-9-401(a). Given that the family court did not find any substantial change in circumstances warranting a modification of the parenting plan, a "best interests" analysis was unnecessary. The majority correctly acknowledges this fact, but goes on to find error in the family court's failure to decide the best interests component. The need to find error in this regard was avoidable. In light of the majority's determination that a substantial change in circumstances was supported by the evidence, all it had to do was remand the case for a "best interests" determination in accordance with West Virginia Code § 48-9-401(a).