# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**VINCENT SCOTT HENDRICKS,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-373**          (Cir. Ct. Boone Cnty. Case No. CC-03-2015-C-7)

**THE BOONE COUNTY COMMISSION,**
**THE CLERK OF THE BOONE COUNTY COMMISSION, and**
**GARY WILLIAMS, in his individual capacity,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Vincent Scott Hendricks appeals the June 29, 2023, order from the Circuit Court of Boone County. In that order, the circuit court granted the motion to dismiss Mr. Hendricks' amended complaint filed by the Respondents the Boone County Commission, the Clerk of the Boone County Commission, and Gary Williams (collectively "Respondents"). Respondents filed a response.[1] Mr. Hendricks did not file a reply. The issue on appeal is whether the circuit court abused its discretion by dismissing the case with prejudice based upon its determination that Mr. Hendricks had failed to prosecute the action for approximately 750 days.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Because the only issue on appeal is the circuit court's dismissal of Mr. Hendricks' civil action for failure to prosecute, only a brief factual recitation of this case is necessary. By way of background, Mr. Hendricks was formerly employed by the Boone County Commission where he worked in the County Clerk's office. At the time of his employment, Gary Williams served as the County Clerk ("Clerk Williams"). In 2006, Mr. Hendricks filed a civil action against the Respondents alleging, among other things, that he was constructively discharged from his employment due to a hostile work environment. The case was settled and dismissed in April of 2009 with Mr. Hendricks receiving a monetary settlement.

---

[1] On appeal, Mr. Hendricks is self-represented. The Respondents are represented by Daniel J. Burns, Esq.

1

On November 28, 2016, Mr. Hendricks filed an amended complaint,[2] which sought to set aside the settlement in the 2006 case and to reopen the matter pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure on the basis that there was newly discovered evidence that some or all of the Respondents fraudulently concealed material facts during the pendency of the 2006 case. As a result, Mr. Hendricks contended he was denied adequate relief for his claims.

By Procedural Order dated June 4, 2021, the circuit court granted Mr. Hendricks' Rule 60(b) motion and set aside the prior judgment and settlement from the 2006 case. In granting the motion, the circuit court also required Mr. Hendricks to deposit the full proceeds from his prior settlement in an escrow account within ninety days.

On June 10, 2022, Respondents filed a motion to dismiss pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure. In support of their motion, Respondents set forth that Mr. Hendricks never complied with the circuit court's directive to deposit the settlement funds into an escrow account, and that repeated unsuccessful inquiries were made by Respondents' counsel of both Mr. Hendricks and his prior counsel regarding the funds. The motion further stated that since entry of Procedural Order, Mr. Hendricks had made no attempts to prosecute his action and, thus, dismissal with prejudice was warranted.

On July 22, 2022, the circuit court held a hearing on the motion to dismiss. Thereafter, on June 29, 2023, the circuit court entered the order presently on appeal, granting Respondents' motion and dismissing the case with prejudice. In this order, the circuit court found that it had been more than sixteen years since the 2006 case was initiated, over seven years since the present action was filed, and more than 750 days since entry of the June 4, 2021, Procedural Order. The circuit court further found that dismissal was appropriate because Mr. Hendricks had failed to deposit the settlement funds as previously ordered, and that Mr. Hendricks had not taken any action to prosecute his case in approximately 750 days. This appeal followed.

In this appeal, "[w]e review a circuit court's order dismissing a case for inactivity pursuant to Rule 41(b) under an abuse of discretion standard." *Caruso v. Pearce*, 223 W. Va. 544, 547, 678 S.E.2d 50, 53 (2009). On appeal, Mr. Hendricks raises several assignments of error. However, none of those assignments of error challenge the circuit court's dismissal of the case pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure. Rather, Mr. Hendricks' arguments are based upon the merits of the case and other extraneous matters outside of the four corners of the order on appeal. Those arguments do not address the issue on appeal and are not properly before the Court.

---

[2] At the time the amended complaint was filed, Mr. Hendricks was represented by counsel. The record reflects that Mr. Hendricks discharged his counsel and has proceeded as a self-represented litigant since May of 2022.

2

Under an abuse of discretion standard, "we will not disturb a . . . court's decision unless the . . . court makes a clear error of judgment or exceeds the bound of permissible choices in the circumstances." *Wells v. Key Commc'ns, L.L.C.*, 226 W.Va. 547, 551, 703 S.E.2d 518, 522 (2010) (citation omitted). Here, Mr. Hendricks' arguments fail to establish an abuse of discretion and our review of the record shows no abuse of discretion by the circuit court.

Accordingly, we affirm the circuit court's June 29, 2023, order.

Affirmed.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

3