IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BRIAN BOLEY,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-459**     (Cir. Ct. Fayette Cnty. Case No. CC-10-2019-C-156)

**LARRY L. MASSEY, JR.,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Brian Boley appeals the September 12, 2023, Post Trial Judgment Order from the Circuit Court of Fayette County.[1] Respondent Larry L. Massey, Jr. filed a response.[2] Mr. Boley filed a reply. The issue on appeal is whether the circuit court abused its discretion by reducing Mr. Boley's award of attorney's fees.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Because the only issue on appeal is the circuit court's reduction of Mr. Boley's attorney's fees, only a brief factual recitation of this case is necessary. This case stems from a boundary dispute between two neighbors. In 2017, Mr. Massey acquired a multi-acre tract of land which adjoined a parcel of land consisting of several lots known as the Massey

---

[1] According to Mr. Boley's Notice of Appeal, he indicated that the circuit court's July 8, 2022, Order was also being appealed. This Order denied Mr. Boley's motion to enforce the parties' alleged settlement agreement. However, Mr. Boley's appellate brief focuses solely on the reduction of attorney's fees under the Post Trial Judgment Order. Therefore, we deem any challenge to the circuit court's July 8, 2022, ruling to be abandoned by Mr. Boley.

[2] Brian Boley is represented by Thomas K. Fast, Esq. Larry L. Massey, Jr. is represented by Paul O. Clay, Jr., Esq. The Court would like to acknowledge the participation in this case of the West Virginia Association for Justice, which filed an amicus brief in support of Mr. Boley's appeal. We have considered the arguments presented by the amici curiae in deciding this case.

subdivision. Mr. Boley owns multiple lots within the subdivision and a portion of those lots adjoin Mr. Massey's neighboring lot. The subdivision's plat identified several unnamed roads which ran between some of the lots. One of those unnamed roads abutted the property upon which Mr. Boley's home was situated. This thirty-foot-wide road was overgrown with trees but was otherwise mowed and maintained by Mr. Boley as part of his residence's yard.

Mr. Massey sought to clear this road and construct an access road to his outside acreage. Mr. Massey claimed he had a right to do so under the plat map. Mr. Boley resisted this assertion, tried to convince Mr. Massey to build his road elsewhere, and even offered to gift Mr. Massey a fifteen-foot right of way through some of Mr. Boley's other subdivision lots. However, the parties could not agree on the dimensions or location of the proposed right of way.

On October 18, 2017, Mr. Massey hired a contractor who used an excavator to clear all of the trees from the road so that Mr. Massey's access road could be constructed. During the excavation, Mr. Massey exceeded the road's thirty-foot width, destroying Mr. Boley's survey marker, existing trees, and underground pet fencing. Based upon the record, at some point, Mr. Massey admitted to damaging Mr. Boley's property and agreed to pay for the damages. However, Mr. Massey later denied any wrongdoing and refused to pay for the damages. Thereafter, Mr. Boley filed a pro se complaint in circuit court and later obtained counsel.

Based upon our review of the record, at some point the circuit court granted partial summary judgment in favor of Mr. Boley, and a settlement was reached with a co-defendant for $1,500.00. Thereafter, Mr. Boley and Mr. Massey informed the circuit court that a settlement agreement had been reached and in response, the circuit court removed the case from its pending trial docket. However, the settlement fell through, and the case was rescheduled for a jury trial. At trial, the jury found that Mr. Massey was liable for damages to Mr. Boley's property, had committed willful trespass, and had acted in bad faith, vexatiously, wantonly, or oppressively towards Mr. Boley. The jury awarded Mr. Boley a total of $2,600.00 in damages, which was statutorily enhanced by the circuit court to $7,530.00, based upon the jury's finding of willful trespass by Mr. Massey.[3]

---

[3] The jury awarded Mr. Boley $2,190.00 for Mr. Massey's destruction of three trees on his property. This amount was tripled by the circuit court pursuant to West Virginia Code § 61-3-48a (1983). Mr. Boley was also awarded $250.00 for the destruction of his survey marker and $230.00 for the destruction of his underground dog fence. These amounts were each statutorily doubled pursuant to West Virginia Code § 61-3B-3(g) (2016).

2

Both parties filed post-trial motions with Mr. Boley filing a motion for attorney's fees.[4] Originally, Mr. Boley submitted an itemized billing statement, which reflected $68,690.50 in fees billed at a rate of $225.00 per hour. Mr. Boley later supplemented the record with an updated billing statement. The updated statement claimed a total of 291.9 attorney hours, totaling $66,097.50 in fees, which included $3,855.00 in attorney discounts. The circuit court did not use the supplemented fee amount in its calculation of attorney's fees, but rather, its order reflects that a total of $64,835.50 in attorney's fees was sought by Mr. Boley. This total reflects the original $68,690.50 in fees minus the $3,855.00 in discounts.

In its Post Trial Judgment Order, the circuit court evaluated Mr. Boley's motion for attorney's fees under the factors set forth in Syllabus Point 4 of *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W. Va. 190, 191, 342 S.E.2d 156, 157 (1986),[5] and determined that Mr. Boley was entitled to a reduced award of attorney's fees. Specifically, the circuit court determined that this case did not involve complex litigation or legal issues and did not mandate the protracted litigation it endured; in light of the total damages awarded, the requested attorney's fees were disproportional and excessive; and given the simplistic nature of the case, counsel's hourly rate of $225.00 was unreasonable.

Given those findings, the circuit court reduced the hourly rate of Mr. Boley's counsel to $200.00 per hour. Next, it excluded all attorney's fees incurred from the time the parties reached a settlement and cancelled the original trial, as well as excluded those

---

[4] Mr. Massey filed a post-trial motion seeking judgment notwithstanding the verdict. This motion was denied by the circuit court in the order presently on appeal and that ruling was not appealed.

[5] This Syllabus Point states:

> Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.*

fees incurred immediately prior to trial, through the beginning of the rescheduled trial, which included any discounts given to Mr. Boley by his counsel. The circuit court further excluded all attorney's fees related to activities involving another attorney who represented third-party individuals that were involved in the failed settlement negotiations. Fees incurred by counsel related to the settling co-defendant were also excluded.

Applying those adjustments, the circuit court found that reasonable attorney's fees and costs in the matter were $35,042.67, which was subject to a $1,500.00 offset from the settlement with the co-defendant. This made Mr. Boley's final award of attorney's fees $33,542.67. This appeal followed.

We review a court's award of attorney's fees under an abuse of discretion standard. As our state's highest court has held:

> [T]he trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees; and the trial [court's] . . . determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion. Syl. Pt. 3, in part, *Bond v. Bond,* 144 W.Va. 478, 109 S.E.2d 16 (1959).

Syl. Pt. 1, *Heldreth v. Rahimian*, 219 W. Va. 462, 464, 637 S.E.2d 359, 361 (2006). Further, "we will not disturb a . . . court's decision unless the . . . court makes a clear error of judgment or exceeds the bound of permissible choices in the circumstances." *Wells v. Key Commc'ns, L.L.C.,* 226 W. Va. 547, 551, 703 S.E.2d 518, 522 (2010) (citation omitted).

On appeal, Mr. Boley asserts three assignments of error. He argues that the circuit court had no factual or legal basis upon which to reduce his award of attorney's fees; it was an abuse of discretion to exclude fees incurred over specific periods of time because it reduced the total attorney's fees by more than one-half; and there was no reasonable basis to reduce counsel's hourly rate by $25 per hour. We disagree and find that Mr. Boley's arguments fail to establish an abuse of discretion by the circuit court.

Mr. Boley's arguments each contain the overarching theme that he disagrees with the circuit court's view of the evidence and its application of the *Pitrolo* factors. This is not sufficient to establish an abuse of discretion. At best, Mr. Boley's arguments ask this Court to reweigh the evidence and reach a more favorable conclusion. However, it is well established that on appeal, "[a]n appellate court does not reweigh the evidence[.]" *State v. Thompson*, 220 W. Va. 246, 254, 647 S.E.2d 526, 534 (2007); *Coles v. Century Aluminum of W. Va.*, No. 23-ICA-81, 2023 WL 7202966, at *2 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision) (noting that an appellate court will not reweigh the evidence presented below on appeal).

4

Further, with respect to attorney's fees, our Supreme Court of Appeals has noted that "[b]ecause our abuse of discretion review is limited to analyzing whether the circuit court engaged in a proper balancing of applicable factors, we have found that a circuit court is required to make findings of fact and conclusions of law on the issue of attorneys' fees." *Multiplex, Inc. v. Town of Clay*, 231 W. Va. 728, 739, 749 S.E.2d 621, 632 (2013) (quotations and citations omitted). Here, the circuit court's order applied the *Pitrolo* factors and included sufficient findings of fact and conclusions of law regarding its analysis and ultimate reduction of attorney's fees in this case. Thus, the circuit court did not abuse its discretion.

Accordingly, we affirm the circuit court's September 12, 2023, order.

Affirmed.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear