PAUL HUDGINS

*v.*

CROWDER AND FREEMAN, INC., *a corporation,
and* FORD MOTOR COMPANY, *a corporation*

(No. 12974)

</div>

Submitted May 2, 1972.          Decided September 12, 1972.

*Hudgins, Coulling, Brewster & Cameron, L. R. Coulling, Jr.,* for appellant.

*Kay, Casto & Chaney, George S. Sharp,* for appellee.

KESSEL, JUDGE:

This case is before the Court upon an appeal from a final judgment of the Circuit Court of Mercer County in a civil action instituted in the Intermediate Court of Mercer County by Paul Hudgins, hereinafter sometimes referred to in this opinion as the plaintiff or as the appellant, against Crowder & Freeman, Inc., a corporation, and Ford Motor Company, a corporation, the latter of which is hereinafter sometimes referred to in this opinion as the defendant or as the appellee. By its final judgment, the circuit court set aside the judgment of the

Intermediate Court of Mercer County, which judgment was entered upon a jury verdict against the plaintiff Hudgins and in favor of the defendant Crowder & Freeman, Inc., and in favor of the plaintiff Hudgins and against Ford Motor Company, and remanded the case to the intermediate court for a new trial upon all the issues. Crowder & Freeman, Inc., did not appeal from the judgment of the circuit court, and Ford Motor Company is the sole appellee.

This Court granted the appeal on June 22, 1970, and the case was submitted for decision on May 2, 1972, upon briefs in writing and oral argument of counsel. On July 13, 1972, counsel for the plaintiff filed a motion to set aside the order of the Circuit Court of Mercer County and enter judgment upon the ground that the circuit court had no jurisdiction to set aside the judgment of the intermediate court and remand the case for a new trial. The motion was argued orally by counsel for both parties on July 25, 1972.

Counsel for the plaintiff allege in their motion that "no order was entered by the Circuit Court granting the writ of error, as required by the Code of West Virginia 58-4-7; no summons was issued as required by the Code 58-4-11, no bond was given as required by the Code 58-4-13 and the Clerk of the Circuit Court did not make the endorsements required by the Code 58-4-12."

Article 4, Chapter 58 of Code, 1931, as amended, establishes the procedure to be followed upon an appeal from a judgment of a court of record of limited jurisdiction. Section 3 provides as follows: "Any person who is a party to any controversy in such court of limited jurisdiction, wishing to obtain a writ of error, appeal or supersedeas, may present a petition therefor to the circuit court of that county, or the judge thereof in vacation, which petition shall assign errors." A pertinent portion of Section 6 provides:

"Such petition, together with a copy thereof, shall be first filed in the office of the clerk of the

court of limited jurisdiction wherein the judgment, decree or order complained of was entered, and such clerk, retaining in his office the copy of such petition, shall, as soon as may be, transmit to the clerk of the circuit court the original, together with the record of so much of the case wherein the judgment, decree or order is as will enable the court or judge to whom the petition is to be presented properly to decide on such petition, and enable the court, if the petition be granted, properly to decide the questions that may arise before it. * * *"

This Court, upon its own motion pursuant to the provisions of Section 10 of Rule IV of the Rules of this Court, has examined the original record in this case filed in the office of the clerk of this Court. The original record does not disclose whether the petition to the circuit court for a writ of error was first filed in the office of the clerk of the intermediate court, nor does the original record reveal whether the original petition and the record of the case were transmitted by the clerk of the intermediate court to the clerk of the circuit court as required by Code, 1931, 58-4-6. The portion of the original record made in the intermediate court bears only the filing stamp of the clerk of the intermediate court and the filing stamp of the clerk of this Court. There is nothing in the original record to indicate whether the record made in the intermediate court was ever filed in the circuit court. An order of the circuit court, entered on April 3, 1969, reveals that the petition and the record were presented to the circuit court on that day by counsel for the defendant, but the order does not indicate that the circuit court directed that petition and the record be filed. Under the provisions of Article 4 of Chapter 58, Code, 1931, as amended, no such order was necessary. *Chenoweth v. Settle Engineers, Inc.*, 151 W.Va. 830, 835, 156 S.E.2d 297, 300.

Section 7 of Article 4 of Chapter 58, Code, 1931, provides in part as follows: "The circuit court or the judge thereof, upon consideration of the petition, shall enter an order granting or refusing it. * * *" No order, as required by

Code, 1931, 58-4-7, was ever entered by the circuit court granting or refusing the writ of error. The only order entered by the circuit court in relation to the granting or refusing of the writ of error was an order, entered on March 21, 1970, by which the circuit court attempted to reverse the judgment of the intermediate court by ordering that the judgment be set aside and the case remanded to the intermediate court for a new trial upon all the issues. While the circuit court ordered that the judgment of the intermediate court be set aside, the court failed to set aside the jury verdict upon which the intermediate court had entered judgment. The provision of Section 7, Article 4, Chapter 58 of Code, 1931, requiring the entry of an order by the circuit court granting or refusing an appeal, writ of error or supersedeas from a judgment of a court of record of limited jurisdiction is mandatory and jurisdictional; and, where it appears upon appellate review by this Court that the circuit court failed to enter an order granting or refusing the appeal, writ of error or supersedeas, the order of the circuit court purporting to be a final judgment setting aside the judgment of the court of record of limited jurisdiction is void and held for naught.

As a result of the failure of the circuit court to enter the order granting the writ of error required by Code, 1931, 58-4-7, no process was ever issued and no bond was ever required or fixed by the circuit court. Upon the entry of an order granting an appeal, Code, 1931, 58-4-11, provides that the clerk of the circuit court "shall thereupon issue a summons against the parties interested, * * * that they may be heard, and also issue any supersedeas which may be awarded. * * * In lieu of the summons and supersedeas aforesaid, a certified copy of the order allowing the appeal or writ of error and supersedeas, if a supersedeas is granted, may be served and returned in the same manner, and with the same effect, at such summons, or such summons and supersedeas, as the case may be, is to be served and returned. * * *"

Counsel for the defendant maintains that service of process was waived for the reason that the plaintiff appeared in the circuit court by counsel and filed a brief and argued the appeal. Certain correspondence between the judge of the circuit court and counsel of record in this case reveals that counsel for both parties filed briefs in relation to the appeal. This Court held in *William F. Mosser Company v. Payne*, 92 W.Va. 41, 114 S.E. 365, that the appearance of a party by counsel and the filing of a brief upon the merits of the case constituted a waiver of any defects in or want of service of process.

An examination of the original record in this case discloses that no bond was ever fixed by the circuit court. Counsel for the plaintiff contend that as a result of the failure of the defendant to give bond in these circumstances, the circuit court had no jurisdiction to set aside the judgment of the intermediate court.

Code, 1931, 58-4-13, provides in part as follows: "Except when an appeal, writ of error or supersedeas is proper to protect the estate of a decedent, convict or insane person, the same *shall not take effect until bond is given* by the appellants or petitioners, or one of them, or some other person, in a penalty to be fixed by the court or judge by or in which the appeal, writ of error or supersedeas is allowed or entered, * * *." (Italics supplied.) Counsel for the defendant maintains that the giving of bond is only mandatory and jurisdictional when bond has been required or fixed by the circuit court.

Section 12, Article 4 of Chapter 58, Code, 1931, provides that the clerk of the circuit court shall endorse on the summons or supersedeas, or on the certified copy of the court order in lieu thereof, that it is not to be effectual until the bond required by Section 13 be given before the clerk of the court of limited jurisdiction. Section 14 provides in part as follows: "* * * but the appeal, writ of error or supersedeas shall be dismissed whenever it appears that * * * two months have elapsed since the date when the appeal, writ of error or supersedeas was

granted before such bond is given as is required to be given before the appeal, writ of error or supersedeas takes effect."

In *Gaines v. Hawkins*, 153 W.Va. 471, 170 S.E.2d 676, this Court held that the failure to perfect an appeal, writ of error or supersedeas by giving bond before the clerk of the trial court as required by law makes it mandatory upon the appellate court, under Code, 1931, 58-4-12, and Code, 1931, 58-4-14, as amended, to dismiss the appeal, writ of error or supersedeas. While the *Gaines* case involved a situation in which bond was required, we consider the principles of the *Gaines* case equally binding upon the Court in the instant case. The provisions of Chapter 58, Article 4 of the Code of West Virginia, 1931, as amended, with regard to the requiring of and the giving of bond are mandatory and jurisdictional. A pertinent portion of Section 15 contains the following language: "Provided, that no cause shall be heard until all proper process has been served * * * and all proper bonds have been taken * * *."

It is the responsibility of the parties to comply with the laws in connection with the trial or appeal of any case. That jurisdiction can never be conferred by either the court or the parties by consent or waiver is a fundamental principle of law. *Gaines v. Hawkins*, 153 W.Va. 471, 476, 170 S.E.2d 676, 679; 11 M.J., *Jurisdiction*, Section 2, page 427.

In *Richardson v. Shank*, 155 Va. 240, 154 S.E. 542, the Supreme Court of Virginia held that the failure to give a bond which had never been required was not good reason for dismissing an appeal. The *Richardson* case, however, was one involving the protection of an estate of a decedent, and therefore, under Virginia and West Virginia law, the case was an exception to the statutory bond requirements.

In the instant case, the original record discloses that no order was ever entered by the circuit court granting or refusing the appeal as required by Code, 1931, 58-4-7; and

no bond was ever fixed by the circuit court pursuant to the provisions of Code, 1931, 58-4-13. "Courts of record can speak only by their records, and what does not so appear does not exist in law." *State ex rel. Ashworth v. Boles,* 148 W.Va. 13, 15, 132 S.E.2d 634, 635. See *State v. Underwood,* 130 W.Va. 166, 43 S.E.2d 61.

For reasons stated in this opinion, the motion of the plaintiff to set aside the judgment of the Circuit Court of Mercer County is granted. The judgment of the Circuit Court of Mercer County is void and held for naught, and the judgment of the Intermediate Court of Mercer County rendered upon a jury verdict in favor of the plaintiff is reinstated.

> *Motion granted; reversed; judgment reinstated.*

Judge Berry, deeming himself disqualified, did not participate in this decision.