IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WORKFORCE WEST VIRGINIA,**
**Respondent Below, Petitioner**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-19**          (Workforce Bd. of Review Case No. R-2020-2080)

**ASHLEY N. CARPENTER,**
**Claimant Below, Respondent**


### MEMORANDUM DECISION

Petitioner Workforce West Virginia[1] ("Workforce") appeals the December 16, 2022, decision of the Workforce West Virginia Board of Review ("Board"), which affirmed the decision of the Board's administrative law judge ("ALJ"), reversing the deputy's decision. The sole issue on appeal is whether the Board erred by not granting Workforce's request for remand for a new hearing before the ALJ.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Because the sole issue in this case rests on whether Workforce established good cause to warrant remand to the ALJ for a new hearing, our recitation of the facts is brief. By deputy's decision dated September 21, 2022, it was determined that Ms. Carpenter had received an overpayment on her unemployment claims for an inconsecutive period of five weeks between March and December of 2020. The aggregate sum of this overpayment was found to be $1,550. The basis of this determination was that "[e]arnings, pensions, social security benefits, or other incomes were not deducted." Ms. Carpenter timely appealed this decision, and the matter was set for hearing before the ALJ on October 18, 2022, at 9:40 a.m. This date and time were reflected in the notice of hearing that was mailed to the parties on October 7, 2022. Workforce does not dispute timely receipt of this notice.

The hearing was held as scheduled. At that time, Ms. Carpenter appeared, but Workforce did not. Noting the time for the hearing had passed, the ALJ stated:

---

[1] Workforce is represented by Kimberly A. Levy, Esq. Respondent Ashley N. Carpenter is self-represented and did not participate in this appeal.

This is a case in which Workforce found that the Claimant was overpaid for the weeks noted. Workforce has the burden of proving that there is an overpayment. Workforce does not appear at this hearing. The matter was scheduled at 9:40. It's now about 9:45 and Workforce is not here. Therefore, they cannot meet their burden of proving that the Claimant received an overpayment. I'm going to grant the appeal. In fact, I'm going to reverse the decision of the Workforce finding that there was an overpayment in this case for their failure to appear to present evidence of such overpayment.

The ALJ memorialized its ruling by written decision dated October 26, 2022. By letter dated November 3, 2022, counsel for Workforce appealed the ALJ's decision to the Board. This one-sentence letter stated, "Please accept this letter as an appeal by Workforce West Virginia of the administrative law judge's decision dated and mailed October 26, 2022, reversing the overpayment in the above-referenced case." This letter was sent to the Board via fax, which included a cover page identifying the subject of the correspondence as, "Appeal on behalf of Acting Commissioner and Agency." There is no further correspondence in the designated record from Workforce to the Board in this matter.

By notice of review dated December 7, 2022, the Board informed the parties that it would be considering Workforce's appeal on December 15, 2022. As part of the notice, the Board informed the parties that they could file their position on the ALJ's decision no later than two days before the date upon which the Board was to consider the appeal.

Although not pled as an assignment of error on appeal, Workforce argues it did not receive the notice until December 13, 2022, which is purportedly less than the eight days' notice that is required by the Board's legislative rules. Further, although not part of the designated record, Workforce claims that on December 14, 2022, it submitted correspondence to the Board by e-mail, explaining why it missed the hearing on October 26, 2022, and requested the matter be remanded to the ALJ for a new hearing. Workforce did not seek leave to supplement the appendix in this appeal. According to Workforce's brief, its request for remand stated that it missed the hearing "[a]s a result of confusion between departments as to which [Workforce] employee(s) . . . was responsible for attending the hearing, local office employee(s) did not participate in the hearing to address the issues of unreported and incorrectly reported earnings by [Ms. Carpenter] for the benefit weeks in question."

On December 16, 2022, the Board issued its decision, affirming the ALJ's decision and adopting the ALJ's findings, verbatim. The decision did not address Workforce's purported request for remand. This appeal followed.

Our standard of review is as follows:

The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W.Va. 561, 563, 453 S.E.2d 395, 397 (1994).

On appeal, Workforce argues that good cause existed to grant Workforce's request for remand. Workforce bases this argument on the following two points: (1) that it did not receive at least eight days' notice of the December 15, 2022, Board hearing as required by West Virginia Code of State Rules § 84-1-6.7 (2018), and (2) that Workforce submitted its request for remand to the Board via e-mail on December 14, 2022, but the Board failed to address its request in its written decision. In Workforce's view, the Board was unjustified in disregarding its request.[2]

Upon review, this Court finds Workforce's sole assignment of error on appeal, unavailing. First, the designated record is devoid of any evidence that Workforce previously raised an objection before the Board regarding untimely notice of the hearing. In fact, there is no indication that this argument was ever made until Workforce interjected the issue for the first time in this appeal, despite Workforce's ability to raise the issue below. "Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (citations omitted). Therefore, we decline to address Workforce's untimely notice argument on appeal.

We also find Workforce's argument that the Board erred by issuing its December 16, 2022, decision without addressing Workforce's request for remand to be of no moment. Critically, this alleged request for remand is not in the designated record. This is condemning to Workforce's appeal when considering,

[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a [lower tribunal] unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 159, 150 S.E.2d 897, 899 (1966). Further, this Court "will not consider an error which is not properly preserved in the record nor apparent

---

[2] In its brief, Workforce sets forth multiple bases for why it believed the Board's conduct was unjustified. However, because we are deciding this case on other grounds, those bases will not be discussed herein.

on the face of the record." Syl. Pt. 4, *State v. Browning*, 199 W. Va. 417, 418, 485 S.E.2d 1, 2 (1997).

While we generally proceed on the designated record as the appendix in administrative agency appeals, parties are not foreclosed from filing a motion with this Court to supplement the appendix. *See* W. Va. R. App. P. 7(g). In this case, the designated record is only twenty-five pages. A review of the same would plainly reveal that the request for remand was not included. However, Workforce did not seek to supplement the record to include its purported request. Moreover, even if this alleged request was made, given that a copy of the request for remand was not included in the appellate record, this Court must proceed as if it does not exist. *See* Syl. Pt. 3, in part, *Hudgins v. Crowder & Freeman, Inc.*, 156 W. Va. 111, 112, 191 S.E.2d 443, 444 (1972) (holding "what does not so appear [in the record,] does not exist in law."). Therefore, we conclude that the Board did not err in issuing its December 16, 2022, decision affirming the ALJ without also addressing Workforce's request for remand.

Accordingly, we affirm the Board's December 16, 2022, decision.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4