## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**November 1, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LINDA M. JENKINS,**
**Appellants Below, Petitioner**

**vs.) No. 23-ICA-71**          (Cir. Ct. Cabell Cnty. No. 22-C-AP-19)

**DELORIS TAYLOR, BRIAN TAYLOR,**
**and MARISSA TAYLOR,**
**Appellees Below, Respondents**

### MEMORANDUM DECISION

Petitioner Linda M. Jenkins appeals from the December 6, 2022, order of the Circuit Court of Cabell County, denying her civil appeal from the Magistrate Court of Cabell County. Respondent Brian Taylor filed a response in support of the circuit court's order.[1] Ms. Jenkins did not file a reply. The issue on appeal is whether the circuit court erred by finding that Ms. Jenkins was not entitled to relief because she had failed to prove her claims.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

From the outset, we find that the record on appeal is sparse, which limits this Court's recitation of the facts. The crux of the underlying litigation revolves around the parties' contract for the sale of certain real estate. According to the circuit court's order, the magistrate court entered an order on November 3, 2022, in favor of Deloris Taylor and ordered Ms. Jenkins to vacate the subject property. Ms. Jenkins appealed that decision to circuit court. The circuit court held a *de novo* bench trial on November 29, 2022. *See* W. Va. Code § 50-5-12(b) (1994) (circuit court shall hear appeal of civil action heard by magistrate without a jury *de novo*). The circuit court's order reflects that the parties appeared, and the circuit court heard the positions of the parties, where Ms. Jenkins argued that her eviction was illegal and that she was entitled to additional payments from Ms. Taylor. On December 6, 2022, the circuit court entered a brief order, denying Ms. Jenkins' appeal. The circuit court affirmed Ms. Jenkins' eviction and found that there was no

---

[1] Ms. Jenkins and Mr. Taylor are both self-represented. Deloris Taylor and Marissa Taylor did not participate in this appeal.

1

evidence that she was owed additional monies from Deloris Taylor. It is from this order that Ms. Jenkins now appeals.

Ordinarily, this Court would apply the following standard of review:

"In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review."

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 331, 480 S.E.2d 538, 540 (1996). But in this case, our review is hampered by Ms. Jenkins' failure to include within the appendix any relevant documentation from the underlying proceedings.

Rule 7(d) of the West Virginia Rules of Appellate Procedure requires that a petitioner "shall prepare and file an appendix containing," among other items, "[t]he judgment or order appealed from, and all other orders applicable to the assignments of error on appeal," "*[m]aterial excerpts from official transcripts of testimony or from papers in connection with a motion*," and "*[o]ther parts of the record to which the parties wish to direct the Court's attention.*" W. Va. R. App. P. 7(d) (emphasis added).

This requirement is expounded upon in Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure which requires that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Under this Rule, "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." W. Va. R. App. P. 10(c)(7).[2] As our Supreme Court of Appeals has held:

---

[2] We also find that Ms. Jenkins failed to comply with the requirements of the scheduling order issued by this Court on May 16, 2023. The scheduling order directed Ms. Jenkins to address the timeliness of her appeal under our Rules of Appellate Procedure and West Virginia Code § 58-5-4 (1998), but she failed to do so. Further, Ms. Jenkins' brief merely consists of streams of consciousness and self-serving statements and fails to confirm with several requirements of Rule 10 of the Rules of Appellate Procedure. Specifically, the brief fails to comply with Rule 10(b) (requiring brief to be filed by the deadline set forth in the scheduling order); Rule 10(c)(2) (requiring table of authorities to be in alphabetical order with the pages of the brief where the authorities are cited); Rule 10(c)(3) (setting forth that assignments of error are to be expressed without unnecessary detail); Rules 10(c)(4) and (5) (requiring statement of the case and summary of argument

An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966). Further, an appellate court "will not consider an error which is not properly preserved in the record nor apparent on the face of the record." Syl. Pt. 4, *State v. Browning*, 199 W. Va. 417, 485 S.E.2d 1 (1997).

In this case, the only filings in Ms. Jenkins' appendix are 911 report logs, hotel receipts, and a copy of the parties' escrow agreement. However, as filed, there is no indication that these documents were designated as exhibits in the record below. *See generally* W. Va. R. App. P. 7 (setting forth format and content requirements for appendix records on appeal). Ms. Jenkins also attached copies of select magistrate court documents to her notice of appeal. Not only did Ms. Jenkins fail to include those documents in her appendix, but these documents contain no judgment order or disposition from the magistrate court, and the case number referenced on those documents does not match the magistrate court number cited by the circuit court as the case on appeal. Also, while Ms. Jenkins appended to her notice of appeal the circuit court's order, she did not include it within her appendix. These failures aside, we find our review is most hampered by Ms. Jenkins' failure to include a transcript of the circuit court proceedings in her appendix. Not only is a transcript integral to this Court's review of the proceedings below, but in this case, it is particularly relevant considering one of Ms. Jenkins' arguments on appeal is that the circuit court failed to consider her evidence. Without a proper appendix, we cannot adequately consider such arguments.

We find that these failures are fatal to Ms. Jenkins' appeal. For purposes of this Court's review, if a fact does not appear in the appendix record, it is considered nonexistent. *See* Syl. Pt. 3, in part*, Hudgins v. Crowder & Freeman, Inc.*, 156 W. Va. 111, 112, 191 S.E.2d 443, 444 (1972) ("what does not so appear [in the record] does not exist in law."). Based on the lack of a record before us, we find that Ms. Jenkins has failed to provide this Court with a record affirmatively showing error below, and, thus, we conclude there is no basis upon which to grant Ms. Jenkins relief.

Accordingly, we find no error and affirm the circuit court's December 6, 2022, order.

---

sections to be set forth in concise detail with the statement of the case to also include citations to the appendix); and Rule 10(c)(7) (requiring the argument section of the brief to contain, among other things, "an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error.").

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen