# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**July 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ALBERT WEST, Deceased,**
**by MARY JANE WEST, Administratrix,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-306**          (Cir. Ct. of Kanawha Cnty. Case No. 22-AA-23)

**WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mary Jane West appeals the June 16, 2023, final order of the Circuit Court of Kanawha County, affirming the May 6, 2022, order of the West Virginia Consolidated Public Retirement Board ("Board"), denying her administrative appeal.[1] The Board filed a response.[2] Ms. West filed a reply. The issue on appeal is whether the Board erred by denying Ms. West's challenge to the *PERS Benefit Option Form* executed by her late husband, Albert West.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November 2020, Mr. West retired from his state employment. Through his employment, he was a member of the Public Employees Retirement System (PERS), which is administered by the Board. Mr. West was given a *PERS Benefit Option Form* ("Option Form") to select the manner in which his retirement annuity would be paid to him. The Option Form presented three options: (1) Straight Life; (2) Option A (100% Joint & Survivor); and (3) Option B (50% Joint & Survivor).

---

[1] Because the Board's decision was entered on May 6, 2022, the circuit court retained jurisdiction over the administrative appeal. *See* W. Va. Code § 51-11-4 (2021) (giving this Court jurisdiction over final administrative orders entered after June 30, 2022).

[2] Ms. West is represented by Richard J. Lindroth, Esq. The Board is represented by J. Jeaneen Legato, Esq.

1

Under the Straight Life option, a retirant receives a full monthly annuity without adjustment, and in lieu of death benefits, upon the retirant's death, his or her beneficiary would receive a lump sum payment, which would be the total remaining unpaid employee contribution, plus interest. Under Option A, a retirant receives a reduced monthly annuity for their lifetime, with a death benefit, in the same amount paid to the named beneficiary for that beneficiary's lifetime. Option B provides the retirant with a reduced but higher monthly annuity than Option A and provides that upon death, the named beneficiary will receive a death benefit equal to 50% of the retirant's annuity payment for that beneficiary's lifetime. *See* W. Va. Code § 5-10-24 (2011).

As Mr. West was preparing for his retirement and prior to the submission of his Option Form, the Board sent him a Benefit Estimate on April 22, 2019. This document informed Mr. West that based upon his salary, years of service, and other eligibility criteria, if he retired in November of 2020, as he planned, his monthly gross annuity income under each annuity option would be as follows:

| Benefit Payment Option | Retiree Amount | Beneficiary Amount |
| --- | --- | --- |
| Straight Life | $2,861.66 | $0 |
| Option A (Joint Survivor 100% Death Annuity) | $2,335.43 | $2,335.43 |
| Option B (Joint Survivor 50%/Death Annuity) | $2,571.89 | $1,285.95 |

The top portion of the Option Form contained the following preamble:

The benefit option you elect is extremely important. Please read this form very carefully before you complete in your own handwriting. Once you receive any benefits under the option you select, you will not be allowed to change your benefit option unless you qualify under the provisions of W. Va. Code § 5-10-24.[3]

The Option Form also contained two signature and date lines, one for the applicant member (retirant) and the second for a witness. The bottom of the Option also states, in conspicuous language: "*** **Please be advised that failure to have this form signed and dated by both the applicant and witness at the same time will result in the form being returned to you and a delay in the processing of your retirement ***"**

---

[3] West Virginia Code § 5-10-24 was amended, effective July 24, 2022; however, it was not the statute in effect at the time Mr. West retired and selected his annuity option. Therefore, the former version of the statute applies to this case. We further note that the current version also contains the same language prohibiting the post-retirement modification of annuity payments.

2

On October 23, 2020, the Board received an Option Form ("October Form") signed by Mr. West on October 21, 2020, in which he selected Option A and named his wife, Mary Jane West, as beneficiary. However, Mr. West failed to have the October Form witnessed. The Board also determined that he also failed to complete a form regarding his unused leave, which was necessary to finalize his annuity calculations. By letter dated October 30, 2020, the Board informed Mr. West that his unused leave form was not completed and that his October Form had not been witnessed. This correspondence contained identical blank forms for Mr. West to complete and return to the Board.

On November 10, 2020, the Board received a new, properly completed Option Form from Mr. West. It was signed, dated, and witnessed on November 10, 2020 ("November Form"). On the November Form, Mr. West selected the Straight Life option for his annuity with his wife as the named beneficiary. This was the retirement plan implemented by the Board for Mr. West and he received a check for his first annuity payment on December 17, 2020, in the amount of $2,861.66. Mr. West continued to receive this same amount each month until his death on August 25, 2021.

On September 15, 2021, the Board informed Ms. West that a lump sum for the remaining balance of Mr. West's annuity, plus interest would be paid in accordance with Straight Life option. This sum was approximately $60,000.00. Ms. West then requested that the Board pay her the joint survivorship annuity ($2,335.43 per month until her death), instead of the lump sum because that was what Mr. West had intended to choose as evidenced by the October Form, and his selection under the November Form was a clerical error. On December 3, 2021, the Board denied the request, informing Ms. West that pursuant to West Virginia Code of State Rules § 162-5-16.2 (2014), Mr. West's annuity declaration could not be changed post-retirement. Ms. West exercised her right to an administrative appeal of that decision on January 31, 2022.

An administrative hearing was held before the Board's hearing officer on March 29, 2022. On April 25, 2022, the hearing officer provided the Board with recommended findings of facts and conclusions of law for the Board's consideration. Among them were findings from Ms. West's witnesses: Thomas Hively, Anita Stonestreet, and Dr. Gregory Stonestreet. According to the recommendation, these witnesses each stated that Mr. West had expressed a desire to provide for Ms. West financially upon his retirement, and that Mr. West had some health issues, which might have caused him to at times exhibit confusion. Ms. Stonestreet also testified that Mr. West became upset when the Board returned the October Form, and that he had his church's secretary, Ms. Dean, witness his signature on the November Form.[4] Ms. West did not testify, but her statement was read into the record by Ms. Stonestreet. The hearing officer's recommendations provided no other findings as to the statement or its contents.

---

[4] Notably, Ms. Dean was not a witness at the administrative hearing.

The hearing officer recommended that the Board find Mr. West committed errors when he failed to have the October Form witnessed, and mistakenly selected the Straight Life annuity option on the November Form. It was also recommended that the Board find the collective testimony of Ms. West's witnesses established that Mr. West had diminished capacity, and that his errors were not an anomaly. It was recommended that the Board correct those errors under West Virginia Code § 5-10-44(a) (2015)[5] and honor Mr. West's declaration for the Option A annuity under the October Form.

In a short decision dated May 6, 2022, the Board rejected the hearing examiner's recommendation, finding it contrary to law. *See* W. Va. Code R. § 162-2-7.3.1 (2016) ("The Board shall accept the recommendation of the hearing officer unless an abuse of discretion is found to have occurred, or unless the recommendation is found to be based upon an error in facts or contrary to law."). According to the transcription of the Board's May 4, 2022, meeting, the Board discussed whether it had previously permitted West Virginia Code § 5-10-44(a) to be used to correct an Option Form in light of West Virginia Code § 5-10-24 and West Virginia Code of State Rules § 162-5-16.2, which prohibited modification of an annuity selection except for limited exceptions, none of which were present in this case.[6] On that issue, it was noted that every retirant receives his or her first annuity payment as a paper check by mail instead of direct deposit. The Board uses this practice so that a retirant can ensure there are no errors, and that payment was received for the annuity option he or she selected. However, once the paper check is deposited, the annuity option becomes final and cannot be changed. The Board determined that Mr. West deposited the first annuity check under the Straight Life option without objection, which made his annuity selection binding and not subject to modification.

Ms. West appealed the Board's decision to the Circuit Court of Kanawha County, and by final order entered on June 16, 2023, it affirmed the Board's decision. The circuit court found that West Virginia Code § 5-10-24 prohibited modification of the annuity option absent one of the limited exceptions, and that none of those exceptions applied to the case. It was noted that the October and November Form clearly established the finality of such a decision in its preamble, and that West Virginia Code of State Rules § 162-5-16 sets forth that an annuity selection is final and that a beneficiary cannot affect or change

---

[5] This code provision states: "Upon learning of any errors, the board shall correct errors in the retirement system in a timely manner whether an individual, entity or board was at fault for the error with the intent of placing the affected individual, entity and retirement board in the position each would have been in had the error not occurred."

[6] The applicable version of West Virginia Code § 5-10-24 states that these qualifying exceptions are limited to the death of retirant's spouse, divorce, and a retirant's remarriage. We recognize that the current version of the statute added the exception of naming an irrevocable special needs trust in place of the named beneficiary; however, that exception also does not apply to this case.

4

the option chosen by the retirant. The circuit court found these restrictions were based upon significant policy reasons, including the solvency of the state's pension plan.

Likewise, the circuit court found no evidence in the record to support the hearing examiner's recommendation that Mr. West had diminished capacity, committed a mistake filling out the November Form, or had intended Option A to be his final annuity selection. The circuit court found those recommended findings speculative and based on hearsay testimony. Instead, it was determined that Mr. West had received ten annuity payments under the Straight Life option and should have recognized the error because the Board had previously advised him on April 22, 2019, of the pension amounts he would receive under each annuity option. Therefore, the circuit court concluded that if there were truly an error, he failed to timely contact the Board to correct it.

As a final point, the circuit court also rejected Ms. West's contention that the Board's requirement of a witness signature for the Option Form was unlawful. First, it found that even if the October Form had been witnessed, the Board would have still honored the submission of the November Form because under the governing statutes and regulations, Mr. West was free to change his annuity option at any time prior to depositing his first annuity check. Because the Board could not have processed Mr. West's retirement without all the properly executed forms, the circuit court found the Board had no legal obligation to honor the October Form and properly processed the fully completed November Form. This appeal followed.

Our review of this matter is governed by the State Administrative Procedures Act, which states:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *Webb v. W. Va. Bd. of Med.,* 212 W.Va. 149, 155, 569 S.E.2d 225, 231 (2002) ("[T]his Court reviews the decisions of the circuit court under the same standard of judicial review that the lower court was required to apply to the decision

of the administrative agency."). Likewise, the "clearly wrong" and the "arbitrary and capricious" standards of review are deferential ones which presume the agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis. Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). *See also,* Syl. Pt. 1, in part, *In Re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996) (on appeal, a court may not overturn a finding simply because it would have decided case differently); Syl. Pt. 1, *Francis O. Day Co., Inc., v. Dir., Div. of Env't Prot.*, 191 W. Va. 134, 443 S.E.2d 602 (1994) (evidentiary findings should not be reversed unless clearly wrong).

On appeal, Ms. West raises several assignments of error. First, she maintains the circuit court erred by not finding that the Board's requirement of a witness signature on the October Form to be unlawful. On this issue, she argues that as a general rule of law, a person's signature is valid without a witness, and that there is no express language within article 5, chapter 10 of West Virginia Code, granting the Board the authority to require a witness's signature. We disagree.

As our Supreme Court of Appeals has held:

> Administrative agencies and their executive officers are creatures of statute and delegates of the Legislature. Their power is dependent upon statutes, so that they must find within the statute warrant for the exercise of any authority which they claim. They have no general or common-law powers but only such as have been conferred upon them by law expressly or by implication.

Syl. Pt. 3, *Mountaineer Disposal Service, Inc. v. Dyer,* 156 W. Va. 766, 197 S.E.2d 111 (1973). The Board is vested with the plenary authority "to make all rules and regulations" for "[t]he administration and management of the retirement system." W. Va. Code § 5-10-5 (1990). *See also* W. Va. Code R. § 162-1-3 (2013) ("The Board shall determine all other rules that are necessary for its administration and the administration of the [retirement system].").  Here, the Board's Option Form contained language, conspicuously underlined and in bold-faced font, that if a form were not signed and dated by the applicant and their witness, the form would not be processed. Also, West Virginia Code § 5-10-24(a) requires Forms from retirants who are selecting Option A or Option B as their annuity option to be duly executed. "The PERS [Board] ha[s] the highest fiduciary duty to maintain the terms of the trust, as spelled out in the statute." Syl. Pt. 5, *Dadisman v. Moore*, 181 W. Va. 779, 781, 384 S.E.2d 816, 818 (1988). As such, the requirement of a witness's signature is within the plenary authority granted to the Board by our Legislature and is supported by its fiduciary duty to maintain the integrity of the retirement system. Further, "an agency's determination of matters within its area of expertise is entitled to substantial weight." *Princeton Cmty. Hosp. v. State Health Plan.*, 174 W. Va. 558, 564, 328 S.E.2d 164, 171 (1985). The determination of whether Mr. West duly executed his October Form was clearly within the Board's area of expertise and we afford deference to that determination in this appeal.

6

Next, Ms. West asserts that the Board was required to adopt the hearing examiner's recommendation that the evidence established Mr. West's intent to select the Option A annuity, his designation of the Straight Life option on the November Form was a mistake, and that West Virginia Code § 5-10-44 should be applied to remedy that discrepancy. The circuit court found the record did not establish that Mr. West made a mistake on his November Form or that he had intended to choose a different annuity option. The circuit court found the evidence on these issues was speculative.

On this issue, Ms. West's overarching argument is that this Court should adopt the hearing officer's recommended findings of fact and conclusions of law in place of the Board and circuit court's rulings below. We decline to do so. To adopt this position would necessarily require this Court to reexamine the evidence; however, it is well established that on appeal, "[a]n appellate court does not reweigh the evidence[.]" *State v. Thompson*, 220 W. Va. 246, 254, 647 S.E.2d 526, 534 (2007); *Coles v. Century Aluminum of W. Va.*, No. 23-ICA-81, 2023 WL 7202966, at *2 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision) (noting that an appellate court will not reweigh the evidence presented below on appeal). Instead, we find the circuit court's order to be supported by the probative and reliable evidence of record and because Ms. West failed to establish that a mistake occurred, the Board was not required to consider application of West Virginia Code § 5-10-44.

We also find no error in the determination that West Virginia Code § 5-10-24 and West Virginia Code of State Rules § 162-5-16.2 prevented Ms. West from altering Mr. West's Straight Life annuity designation on the November Form. Specifically, West Virginia Code § 5-10-24(a), sets forth that "[p]rior to the effective date of his or her retirement, but not thereafter . . . a member may elect to receive his or her annuity" under the Straight Life, Option A, or Option B annuity plans. Similarly, the corresponding regulation states "[w]hen the choice of an option has been made, that choice is final and cannot after that date be changed, except as provided in W. Va. Code § 5-10-24. <u>A beneficiary cannot affect or change the option chosen by the member</u>." W. Va. Code R. § 162-5-16.2 (emphasis added). Further, the October and November Forms submitted by Mr. West each contained a preamble which notified applicants that their annuity option could not be changed once they received retirement benefits. The record shows that those benefits were obtained by Mr. West when he received his first annuity payment by paper check in December of 2020. It is undisputed that the Board would have permitted Mr. West to change his annuity option at any time prior to depositing the December check, but he failed to do so. Rather, his selection of the Straight Life annuity became final and binding when he deposited the check and he continued to accept this payment for several months thereafter prior his death. Therefore, we find no error in the Board's decision to reject the hearing examiner's recommendation as contrary to law.

As her third assignment of error, Ms. West challenges the circuit court's finding that she failed to establish Mr. West's diminished capacity. She maintains the testimony of her

witnesses was sufficient to establish that her husband lacked the competency to knowingly execute the November Form. We disagree. All of Ms. West's witnesses offered comprehensive testimony that Mr. West would sometimes exhibit signs of confusion. However, none of these witnesses offered definitive testimony that Mr. West suffered from a cognitive impairment, but rather, they each speculated that his other health conditions *may* have caused him to become confused at times. Even Dr. Stonestreet, Mr. West's primary care physician and family friend, offered similar speculation as to Mr. West's mental capacity. Thus, we decline to disturb the circuit court's determination that the record did not support a finding of diminished capacity.

In her fourth and final assignment of error, Ms. West argues that the Board contributed to Mr. West's mistake because the Board's offices were closed due to the COVID-19 pandemic, which prevented Mr. West from getting proper assistance in completing the November Form. We find no merit in this argument. Ms. West fails to cite to the record to establish where this issue was raised below, as well as fails to cite to evidence in the record to corroborate her claim that the Board's offices were closed and its staff was not available to aid Mr. West. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.") (citations omitted). *See also* Syl. Pt. 3, in part, *Hudgins v. Crowder & Freeman, Inc.*, 156 W. Va. 111, 112, 191 S.E.2d 443, 444 (1972) (holding "what does not so appear [in the record,] does not exist in law.")

Accordingly, we find no error and affirm the circuit court's June 16, 2023, order.

Affirmed.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear