## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DAVID A. TRIPPETT,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-550**     (Cir. Ct. Marion Cnty. Case No. CC-24-2020-C-90)

**CAROL PITTS,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioner David Trippett appeals the September 21, 2023, order of the Circuit Court of Marion County which granted Respondent Carol Pitts' motion for summary judgment. Ms. Pitts filed a timely response.[1] No reply was filed. The issue on appeal is whether the circuit court erred in finding that Mr. Trippett's claims are barred by the doctrine of res judicata based on a 2018 civil action also filed by Mr. Trippett.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

From the outset, we note that the record on appeal is sparse, which limits this Court's recitation of the facts. The underlying litigation revolves around Mr. Trippett's allegations that Ms. Pitts improperly used for her personal use his veteran's and Social Security benefits that were deposited into his bank account. Based on Respondent's Appendix, it appears Mr. Trippett has previously filed various civil actions making these same allegations. This appeal relates to the current case, which was filed in 2020.

On July 26, 2023, Ms. Pitts moved for summary judgment based on Mr. Trippett's history of filing similar actions and the dismissal with prejudice of Case No. 18-C-132, which contained the same allegations as this case and the others previously filed. A hearing was set for July 31, 2023, and a notice of hearing was sent to Mr. Trippett. Mr. Trippett failed to appear. The circuit court reset the hearing for September 6, 2023, and Mr. Trippett

---

[1] Mr. Trippett is self-represented. Ms. Pitts is represented by David B. DeMoss, Esq.

1

was sent an amended notice of hearing. Mr. Trippett again failed to appear, and the circuit court heard the motion at that September hearing.

Next, on September 7, 2023, Mr. Trippett sent a letter to the circuit court asking that the case be reopened. The circuit court denied this request in an order entered on September 21, 2023. In a separate order entered that same day, the circuit court granted summary judgment for Ms. Pitts. The circuit court found that this action was barred due to res judicata based on the claim filed in 18-C-132. The circuit court also found that Mr. Trippett was represented by counsel in the 2018 case and that counsel negotiated a settlement on his behalf. That settlement was fully satisfied by Ms. Pitts, and the 2018 case was then dismissed with prejudice. The circuit court found that all issues in this case had been previously adjudicated, and Mr. Trippett was barred from raising these same issues here. It is from this order that Mr. Trippett now appeals.

Our review of a circuit court's entry of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court must apply: "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *United Bank, Inc. v. Blosser*, 218 W. Va. 378, 383, 624 S.E.2d 815, 820 (2005) (quoting *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, syl. pt. 2). "Summary judgment is appropriate if, from the totality of the evidence presented . . . the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995). "[T]he party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Id.* at 60, 459 S.E.2d at 337.

In this case, our review is hampered by Mr. Trippett's incomplete brief which, at only one paragraph, does not clearly state any assignments of error or comply with the requirements of Rule 10 of the West Virginia Rules of Appellate Procedure regarding formatting or organization. He further failed to cite to any authorities or the record on appeal, as required by Rule 10(c)(7). Under this Rule, this Court "may disregard errors that are not adequately supported by specific references to the record on appeal." W. Va. R. App. P. 10(c)(7). As our Supreme Court of Appeals has held:

> An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

2

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966). Moreover, we have repeatedly held that we cannot consider indecipherable arguments made in appellate briefs. *See, e.g.*, *In re J.K.*, 23-ICA-272, 2024 WL 1717722, at *2 (W. Va. Ct. App. Apr. 22, 2024) (memorandum decision); *Vogt v. Macy's, Inc.*, 22-ICA-162, 2023 WL 4027501, at *4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal)). Further, an appellate court "will not consider an error which is not properly preserved in the record nor apparent on the face of the record." Syl. Pt. 4, *State v. Browning*, 199 W. Va. 417, 485 S.E.2d 1 (1997).

However, we are mindful that "[w]hen a litigant chooses to represent himself, it is the duty of the [court] to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done an adverse party[.]" *Bego v. Bego*, 177 W. Va. 74, 76, 350 S.E.2d 701, 703 (1986). Accordingly, we will address the issue that we can reasonably determine comprises the crux of Mr. Trippett's appeal: that the circuit court erred by granting respondent's motion for summary judgment and denying Mr. Trippett's motion to reopen the case.

Under West Virginia law, a lawsuit may be barred on the basis of res judicata if the following three elements are satisfied:

> First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 2, *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 239 W. Va. 549, 803 S.E.2d 519 (2017) (quoting Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997)). "The test to determine if the issue or cause of action involved in the two suits is identical is to inquire whether the same evidence would support both actions or issues." Syl. Pt. 4, *Slider v. State Farm Mut. Auto. Ins. Co.*, 210 W. Va. 476, 557 S.E.2d 883 (2001).

In this case, the circuit court found that Mr. Trippett's current lawsuit is identical to 18-C-132, which Mr. Trippett also filed against Ms. Pitts in the Circuit Court of Marion County. In the 18-C-132 case, Mr. Trippett was represented by counsel and his attorney negotiated a settlement on his behalf that was fully satisfied by Ms. Pitts. That case was then dismissed with prejudice in an order that was prepared by Mr. Trippett's counsel. The circuit court found that the allegations made in this case are the same as what was alleged

3

in 18-C-132. The circuit court then found that all issues in this case had been previously adjudicated and held that Mr. Trippett's claims are barred by res judicata. In his appeal to this Court, Mr. Trippett failed to produce any evidence to show that this ruling was made in error. For purposes of this Court's review, if a fact does not appear in the appendix record, it is considered nonexistent. *See* Syl. Pt. 3, *Hudgins v. Crowder & Freeman, Inc.*, 156 W. Va. 111, 191 S.E.2d 443 (1972) ("Courts of record can speak only by their records, and what does not so appear does not exist in law."). Based on Mr. Trippett's failure to provide any evidence demonstrating error, we affirm.

Affirmed.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear