IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 1, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY HALL,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-300**    (Cir. Ct. of Berkeley Cnty. Case No. CC-02-2023-C-182)

**JOHN DOE,**
**Defendant Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Timothy Hall appeals the June 19, 2025, dismissal order from the Circuit Court of Berkeley County. The circuit court dismissed Mr. Hall's complaint with prejudice for inactivity pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure. Respondent "John Doe" is unknown and did not participate in this appeal. Independent Bible Church, a non-party to this case, was granted leave by the Court to file a summary response in support of the circuit court's decision.[1] Mr. Hall filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Based upon the limited record on appeal, the facts of this case are relatively sparse. On May 19, 2023, Mr. Hall filed a self-represented complaint in circuit court. The complaint named John Doe as the lone defendant and stated that it was filed solely for the purpose of retrieving "records, communications[,] and all other documentation of information" related to alleged incidents at Independent Bible Church ("Church"), involving the targeted harassment of his minor daughter. According to the complaint, these actions interfered with Mr. Hall and his family's freedom of religion and right to worship. The complaint further stated that the John Doe designation would be amended once the proper defendant(s) were identified.

Mr. Hall never named the Church as a defendant, and he did not serve it with the complaint. Nevertheless, on June 6, 2023, Mr. Hall served the Church with a subpoena,

---

[1] Mr. Hall is self-represented. Independent Bible Church is represented by Thomas J. Hurney, Jr., Esq.

1

which commanded the Church to provide him with certain relevant records and the identity of the individual(s) involved in the incidents with this child. The Church's counsel objected to the subpoena. In response, Mr. Hall filed a motion to compel. The circuit court denied the motion in an order dated November 20, 2023, finding, among other things, that the West Virginia Rules of Civil Procedure do not recognize or permit the filing of a complaint solely for the purposes of serving subpoenas to discover certain information. On January 2, 2024, Mr. Hall filed a second motion to compel in the underlying case. Through this motion, Mr. Hall sought to compel another non-party, Fidelity Investments, to produce records related to Mr. Hall's retirement account allegedly being impermissibly accessed on September 8, 2020. The court denied this motion on March 6, 2024, finding that neither Fidelity Investments nor the alleged retirement account breach incident had any relevance to the underlying complaint.[2]

Thereafter, according to the court, Mr. Hall took no further documented action in the case; this included no evidence of efforts to identify John Doe and serve them with the complaint. On March 20, 2025, the court entered a notice of its intent to dismiss the action for inactivity in excess of one year pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure and Syllabus Point 3 of *Dimon v. Mansy*, 198 W. Va. 40, 479 S.E.2d 339 (1996).[3] Mr. Hall responded to the notice on April 7, 2023, and attempted to set forth grounds to establish good cause and elude dismissal of the case. However, the response made no mention of the Church or the purported incidents involving his child. Instead, Mr. Hall claimed that the case was not dormant because he had acted outside of the circuit court proceedings by filing a Freedom of Information Act ("FOIA") request with the West Virginia State Police and foreign subpoenas, all in an effort to identify John Doe for the Fidelity Investment allegations. Notably, Mr. Hall did not attach any documentation to his response to corroborate the existence of the purported FOIA request and foreign subpoenas. Mr. Hall also blamed the court system for any delay with his case.[4]

After reviewing Mr. Hall's response and the record, the circuit court dismissed the case by order dated June 19, 2025. In its order, the court noted that Rule 41(b)(2) of the

---

[2] The court's rulings on the motions to compel are not the subject of this appeal.

[3] This syllabus point explains in great detail the steps a circuit court must follow to ensure a party has adequate notice and opportunity to be heard prior to the court dismissing a case pursuant to Rule 41(b).

[4] Mr. Hall claimed that any delay was the result of interference and malfeasance committed by a wide range of individuals, including the presiding judge and staff, other members of the judicial branch, and the prosecuting attorney's office, among others. As a result, the presiding judge entered an order of recusal and transferred the case to another circuit court judge who ultimately ruled upon the pending notice of intent to dismiss and entered the order now on appeal.

West Virginia Rules of Civil Procedure permits courts to dismiss cases for inactivity under the following circumstances:

> Any court in which an action has been pending for more than one year where no action has been taken by the plaintiff, the court may, in its discretion, order such action dismissed. For good cause shown, the court may, reinstate any action dismissed under this subsection on motion filed within three terms after entry of the order of dismissal.

The court further noted that in accordance with our Supreme Court of Appeals' holding in *Dimon*, Mr. Hall had been afforded notice and an opportunity to be heard, and that because he did not request a hearing, the court was ruling upon the matter based upon the existing record. *See Dimon*, 198 W. Va. at 43, 479 S.E.2d at 342, syl. pt. 3, in part (holding that unless a party opposing dismissal sets the matter for hearing, "the court may decide the issue upon the existing record after expiration of the time for serving a motion and any reply.").

Based upon its review of the record, the court found that Mr. Hall had failed to demonstrate good cause to avoid dismissal. Instead, the court observed that in the two years since the complaint was filed in May of 2023, Mr. Hall has yet to identify and name a real defendant to serve with the complaint, and despite the court previously finding that complaints cannot be used solely for the purposes of issuing subpoenas to compel the release of information, the complaint had not been amended to include a proper cause of action. Moreover, Mr. Hall could not establish good cause by blaming the delay on unsupported claims against the court system, and Mr. Hall's status as a self-represented party did not insulate him from the duty to timely prosecute his cause of action. Thus, the court determined that Mr. Hall had failed to prosecute his claim timely, and as a result, dismissal was warranted. The case was dismissed with prejudice and this appeal followed.

In reviewing this appeal, we apply an abuse of discretion standard. *Caruso v. Pearce*, 223 W. Va. 544, 547, 678 S.E.2d 50, 53 (2009) ("We review a circuit court's order dismissing a case for inactivity pursuant to Rule 41(b) under an abuse of discretion standard.").

On appeal, Mr. Hall makes several arguments to broadly contend that the circuit court abused its discretion, dismissing his case without a hearing and with prejudice. For example, he asserts that the court erred in its application of the law to the facts when it determined that good cause had not been shown. Instead, Mr. Hall maintains that after an independent review of the evidence, this Court should reverse the circuit court. Specifically, he maintains that despite the case record being silent since the court's denial of his motions to compel, he has been actively and diligently seeking the identity of John Doe through alternative means of discovery and, thus, he has not abandoned the circuit court litigation. He also claims that no prejudice results from the case remaining on the

3

court's docket because John Doe has not been identified and he cannot determine the identity without this case. We find no merit in these assertions.

Notably, none of Mr. Hall's arguments speak to his underlying complaint and the Church-related incidents. Rather, Mr. Hall's arguments are centered on the alleged events and claims involving Fidelity Investments, all of which are not related to the complaint that was dismissed by the circuit court and is the subject of the present appeal. Further, we find no merit in Mr. Hall's assertion that he was prejudiced by the court deciding the matter without a formal hearing. As the circuit court aptly observed, *Dimon* clearly states that unless a party requests a hearing on a Rule 41(b) motion, the court has the authority to rule based upon the existing record. *See Dimon*, 198 W. Va. at 43, 479 S.E.2d at 342, syl. pt. 3, in part. Here, Mr. Hall offers no authority to counter the circuit court's reasoning and does not cite to the record to show that a hearing was requested.

Similarly, we find no basis to disturb the circuit court's determination that the case had been inactive for more than one year and Mr. Hall had not established good cause to evade the dismissal of his case. Here, Mr. Hall attempts to counter the circuit court's assessment by pointing to his outside efforts to prosecute his action through FOIA and foreign subpoenas,[5] but no evidence of those efforts accompanied his response to the court's notice of intent to dismiss. This is problematic for Mr. Hall because "what does not so appear [in the record] does not exist in law." Syl. Pt. 3, in part, *Hudgins v. Crowder & Freeman, Inc.*, 156 W. Va. 111, 191 S.E.2d 443 (1972).

Instead, the Court concludes that the record in this matter illustrates that this cause of action was inactive for more than one year and, thus, the threshold dormancy requirement of Rule 41(b) of the West Virginia Rules of Civil Procedure has been met. Moreover, the record shows that the court complied with *Dimon* by affording Mr. Hall notice and an opportunity to be heard. Thereafter, the court reviewed the record and made the discretionary determination that good cause had not been shown and that dismissal with prejudice was appropriate.

Under the abuse of discretion standard of review, "we will not disturb a circuit court's decision unless the circuit court makes a clear error of judgment or exceeds the bound of permissible choices in the circumstances." *Wells v. Key Commc'ns, L.L.C.*, 226 W. Va. 547, 551, 703 S.E.2d 518, 522 (2010) (citation modified). Here, Mr. Hall's arguments fail to establish an abuse of discretion, and our review of the record shows no

---

[5] As part of this argument, Mr. Hall also notes for the first time the additional matters he has initiated outside of the circuit court proceeding to obtain discovery and pursue his case. We decline to acknowledge the same because they involve facts that were not raised in the record below. Further, they relate to Fidelity Investments, and as previously noted, are not relevant to the ruling on appeal.

abuse of discretion by the circuit court.[6] As such, we affirm the court's June 19, 2025, dismissal order.

Accordingly, we affirm.

Affirmed.

**ISSUED:** May 1, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge S. Ryan White

Judge Charles O. Lorensen, not participating

---

[6] Moreover, because Mr. Hall can file a motion in circuit court for leave to reinstate his case, he cannot establish prejudice from the court's dismissal order herein. *See* W. Va. R. Civ. P. 41(b), in part ("For good cause shown, the court may, reinstate any action dismissed under this subsection on motion filed within three terms after entry of the order of dismissal.").